■ In the Matter of GEORGE W. S., Appellant, v DONNA S., Respondent. [604 NYS2d 583] —In a child custody proceeding pursuant to Family Court Act article 6 to determine custody of the infant issue of the parties, the petitioner father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Pach, J.), entered May 12, 1993, as, after a hearing, and upon granting legal custody to the father, expanded the respondent mother's visitation rights to include 8:00 P.M. on school nights (Sunday to Thursday) until the close of school each day.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof granting the respondent mother visitation on school nights from 8:00 P.M. until the close of school the next day, and substituting therefor a provision granting the respondent mother visitation every Wednesday from 3:00 P.M. until the close of school the following Thursday; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This is the second time this case is before us. By decision and order dated November 2, 1992, we reversed an order granting the parties joint custody, owing to the inability of the mother and father to deal amicably with one another *(see, Matter of George W. S. v Donna S.,* 187 AD2d 657). In doing so, we remitted the case to the Family Court for a new hearing. The Family Court then found the father to be the preferred custodial parent, and so designated him, while incongruously affording the mother five nights of overnight "visitations" each week. We agree with the father that as a result, the mother was, in essence, given de facto custody and an appreciably greater amount of time with the child than was the father, under circumstances that involved considerable shuffling of the child to and from both households, on a daily basis.

Accordingly, we modify the order to reflect an appropriate award of custody to the father, by altering the frequency of the mother's weekly, school night overnight visitation. Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.