■ GEORGE RENTSCHLER, Appellant, v FREDERICA RENTSCHLER, Respondent. [611 NYS2d 523] —Order, Supreme Court, New York County (David B. Saxe, J.), entered on September 11, 1992, which, *inter alia,* awarded custody of two minor children to defendant-mother, modified, on the law and on the facts and in the exercise of discretion, to the extent of awarding custody to plaintiff-father, with liberal visitation to defendant, and otherwise affirmed, without costs.

Inasmuch as this Court's authority to consider the question of custody is as broad as that of the IAS Court *(Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946), we find that the IAS Judge's determination was not warranted by the evidence, particularly since there is much support in the record for the opinion of the court-appointed psychiatrist, and the evaluation by an independent expert should not be readily set aside *(Giraldo v Giraldo,* 85 AD2d 164; *Asher v Asher,* 79 AD2d 904).

We have considered the remaining issues raised on this appeal and find them to be without merit. Concur—Carro, J. P., Wallach, Nardelli and Williams, JJ.

Asch, J., dissents in a memorandum as follows: The determination of custody depends to a very considerable extent on the assessment of the credibility of the witnesses by the nisi prius court and of its face-to-face evaluation of the character and temperamental fitness of the parents. Hence, the findings of that court are ordinarily accorded great deference by us, even though we do have the power to make independent determinations *(see, Eschbach v Eschbach,* 56 NY2d 167, 173).

The IAS Court appropriately was careful to consider the views of the compensated psychiatric experts as well as the court appointed expert. It was not erroneous for the court to credit the testimony of the mother's treating psychiatrist as

well as the mother's expert, and depart from the recommendation of the court appointed expert. This is especially sensible since the latter's recommendation was qualified by his request that the matter be reviewed in three months, and further by the fact that the court had an opportunity to conduct an in camera interview with both children.

Accordingly, I am persuaded that we should affirm, to continue custody of the children in their mother, on the comprehensive analysis by the Supreme Court Justice, who is experienced in matrimonial and custody matters.