■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. RON BRAWER, Respondent, v TONYA PINKINS, Appellant. [626 NYS2d 134] —Judgment, Supreme Court, New York County (Lewis R. Friedman, J.), entered September 16, 1993, which granted petitioner's writ of habeas corpus to the extent of awarding custody of the parties' two minor children to petitioner with liberal visitation to respondent; and order of the same court and Justice entered on or about September 22, 1993, which modified the prior order to award custody to petitioner and specified the visitation schedule, unanimously affirmed, without costs.

There is no presumption in favor of either parent in awarding custody, as the sole criterion is the best interests of the child *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89). The determination of the trial court that custody be awarded to petitioner is accorded great weight based upon said court's access to the parties and professionally prepared reports and evaluation of the testimony, character and sincerity of the witnesses *(Eschbach v Eschbach,* 56 NY2d 167, 173). The court appropriately followed the recommendation of the jointly selected, court-appointed neutral forensic expert *(see, Rentschler v Rentschler,* 204 AD2d 60, *lv dismissed* 84 NY2d 1027). The court also properly discounted the conclusion of appellant's expert that custody by appellant was necessary to ground the biracial children in their black identity, particu-

larly since the expert had not met petitioner or observed his home life with the children (see, Matter of Rebecca B., 204 AD2d 57, lv denied 84 NY2d 808).

There was no showing of prejudice in deciding custody pursuant to the writ, and moreover, respondent never moved to dismiss the writ. Finally, we find the visitation schedule was not restrictive. Concur—Murphy, P. J., Ellerin, Rubin, Tom and Mazzarelli, JJ.