■ LINDA EDGERLY, Appellant-Respondent, v LOYD C. MOORE, Respondent-Appellant. [647 NYS2d 773] —Order, Supreme

Court, New York County (David Saxe, J.), entered on or about February 1, 1996, as supplemented by the order entered on or about February 2, 1996, which granted plaintiff wife's motion to confirm the Special Referee's report as to child support but denied it as to custody and visitation, and, upon an independent review of the evidence, awarded custody of the parties' child to the wife, granted extensive visitation rights to defendant husband, and prohibited the wife from relocating out of her Manhattan neighborhood during the child's minority without the prior consent of the court or the husband, unanimously modified, on the law, to make the award of child support retroactive to March 13, 1995, pursuant to the parties' stipulation, and otherwise affirmed, without costs.

According to the IAS Court's findings of fact the " ' "greatest respect" ' " (*Eschbach v Eschbach*, 56 NY2d 167, 173), we find that the record supports an award of custody to the mother as in the best interests of the child. While the views of independent experts are entitled to weight, they do not take precedence over the judgment of the Trial Judge (*Chait v Chait*, 215 AD2d 238), especially where, as here, the concern underlying the expert's recommendation was factually faulty (*compare, Rentschler v Rentschler*, 204 AD2d 60, *lv dismissed* 84 NY2d 1027). We also agree with a visitation schedule that recognizes that this is a case where the best interests of the child lie in being nurtured by both parents (*see, Hemphill v Hemphill*, 169 AD2d 29, 32, *appeal dismissed* 78 NY2d 1070), and disagree with the wife that the alternate weekly schedule to be put into effect shortly before the child turns eight will interfere with her rights as the child's custodian (*compare, Matter of George W. S. v Donna S.*, 199 AD2d 272).

The restriction on the wife's right to relocate is appropriate to assure such visitation (*see, Bluemke v Bluemke*, 155 AD2d 574, *lv denied* 75 NY2d 704). Concerning the award of child support, the Special Referee's recommendation is contradictory, and we accordingly clarify that the award is retroactive to March 13, 1995, the date in the parties' stipulation concerning arrearages. We have considered the parties' other contentions for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.