■ NANCY GRANADE-BASTUCK, Respondent, v BURKHARD BASTUCK, Appellant. [671 NYS2d 512] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated August 6, 1997, as, after a nonjury trial, (1) awarded the plaintiff 50% of the marital assets and 40% of the value of the defendant's partnership interest, (2) awarded maintenance to the plaintiff for a period of nine years, (3) awarded the plaintiff child support in the amount of $4,250 per month and directed the defendant to establish a college fund in the amount of $5,000 per year and provide health insurance and all unreimbursed medical expenses for the child, and (4) denied the defendant certain credits for income tax refunds and payments.

Ordered that the judgment is modified, on the law, by (1) deleting the 18th and 23rd paragraphs thereof, (2) deleting from the 9th decretal paragraph thereof the provision awarding the plaintiff 40% of the value of the defendant's partnership interest and substituting therefor a provision awarding the plaintiff 25% of the value of the defendant's partnership interest, (3) deleting from the 17th decretal paragraph thereof the words following the words "as spousal maintenance" and

substituting therefor the words "the amount of $5,000 per month from October 1, 1996, through September 30, 2000, or until the plaintiff's sooner death or remarriage. At the end of four years, or upon the sooner death or remarriage of the plaintiff, maintenance will cease, and it is further", and (4) deleting from the 22nd decretal paragraph thereof the words following the words "dental coverage" and substituting therefor a provision that both parties shall pay their pro rata share of future unreimbursed medical expenses; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendant's child support obligation to the extent that the award is based on combined income in excess of $80,000 in accordance herewith and the entry of an appropriate amended judgment.

Where, in a marriage of long duration, both parties have made significant contributions to the marriage, a division of marital assets should be made as equal as possible (*see, Marcus v Marcus,* 135 AD2d 216). Here, although both parties agreed that the defendant was the sole provider for the family through the 11-year marriage, the first 7 of which were childless, the plaintiff nevertheless made a noneconomic contribution to the marriage which allowed the parties to amass a substantial marital estate. Therefore, it was not an improvident exercise of the court's discretion to award the plaintiff 50% of the marital property.

A law practice is a proper subject for a distributive award (*see, Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918). However, the plaintiff did not put the defendant through law school nor did she help support him in the early years of their marriage before he became a partner in his law firm and before they had a child. Other than the plaintiff's later role as the primary caretaker of their child, her role in the defendant's career was minimal. Therefore, the plaintiff's distributive share of the defendant's law practice should be reduced to 25% (*see, Holihan v Holihan,* 159 AD2d 685).

While an award of maintenance to the plaintiff was appropriate, it was an improvident exercise of discretion to award her maintenance for a period of nine years, at $6,000 per month for the first year, $5,000 per month for the next four years and $4,000 per month for the next four years. Although life style is a consideration in awarding maintenance (*see, Hartog v Hartog,* 85 NY2d 36), the parties' life style during the marriage was not so lavish to require the defendant to fully support the

plaintiff for the next nine years. Maintenance is designed to give the spouse economic independence and should continue only as long as is required to render the recipient self-supporting (*see, De La Torre v De La Torre,* 183 AD2d 744). In addition, while insuring that the plaintiff's reasonable needs are provided for, it should also provide her with an appropriate incentive to become financially independent (*see, Gundlah v Gundlah,* 116 AD2d 1026).

The plaintiff admitted that she had a separate estate worth $1,200,000. At the time of trial her liquid assets were worth in excess of $900,000. In addition, she was relatively young, highly educated, one course short of obtaining her teaching certificate, and the mother of a child who was about to enter kindergarten. An award of $5,000 per month for four years is sufficient to enable the plaintiff to obtain the necessary credentials to teach, to obtain employment, and to remain with her son who, while not an infant, is still relatively young.

In awarding child support, the court failed to make express findings of the child's actual needs with respect to the defendant's obligation on combined income in excess of $80,000 (*see, Darema-Rogers v Rogers,* 199 AD2d 456). Furthermore, the court erred in failing to direct that the plaintiff contribute her pro rata share of the child's unreimbursed future reasonable health care expenses (*see, Wilson v Wilson,* 203 AD2d 558). Moreover, it was premature for the court to, *sua sponte,* direct that the defendant set up an account for the child's college education fund in the amount of $5,000 a year in view of the fact that college is over 10 years away and no evidence was presented as to the child's academic abilities and interest, possible choice of college, or expenses (*see, Friedman v Friedman,* 216 AD2d 204).

The defendant's remaining contentions are without merit. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.