■ ELSA M. GALACHIUK, Respondent-Appellant, v GEORGE A. GALACHIUK, SR., Appellant-Respondent. [691 NYS2d 828] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Mem-

orandum: Defendant appeals and plaintiff cross-appeals from a judgment of divorce insofar as it distributed the marital property. We reject the contention of defendant that Supreme Court erred in determining that various assets were not his separate property. "Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute was separate property" (*Walasek v Walasek*, 243 AD2d 851, 854). Defendant failed to overcome the marital property presumption. Defendant's reliance upon *Sarafian v Sarafian* (140 AD2d 801) is misplaced. In *Sarafian*, although defendant failed to trace specifically the source of funds for the purchase of Treasury bonds, he proved that, prior to purchasing the bonds, he had sold specific assets that were his separate property. The court held that the conclusion was inescapable that the current assets were purchased with funds obtained from the sales of separate property. Here, in contrast, defendant failed to identify any such specific transactions.

We further reject the contention of defendant that the property was not equitably distributed because he received non-liquid assets. Defendant failed to prove that a trust into which he had placed funds was irrevocable and that those funds were not available to him. Defendant also contends that the court improperly awarded him three accounts that no longer exist. The court properly considered those accounts in making a distributive award because they were closed by defendant within six months of the commencement of this action and defendant failed to account for the proceeds (*see, Harrell v Harrell*, 120 AD2d 565, 566).

We agree with plaintiff, however, that the court erred in failing to include as marital property the value of two mortgages and two promissory notes of family members and in awarding them to defendant as his sole and separate property. To the extent that the debts are collectible, plaintiff should receive an equitable share. We therefore modify the judgment by excepting from the property awarded to defendant as his sole and separate property in the sixth decretal paragraph the value of those mortgages and notes, and we remit the matter to Supreme Court to distribute those assets. (Appeals from Judgment of Supreme Court, Erie County, Gorski, J.—Matrimonial.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.