■ ADA N. PARKINSON, Respondent, v JOSEPH D. PARKIN-SON, Appellant. (Appeal No. 1.) [744 NYS2d 101] —Appeal from an order of Supreme Court, Erie County (Burns, J.), entered December 26, 2000, which denied each party's application for an award of counsel fees.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The parties were married in 1966 and have three adult children. Defendant moved out of the marital residence in 1996, and after a divorce action commenced by defendant that same year was dismissed, plaintiff commenced this action seeking a divorce. Defendant withdrew his answer, permitting plaintiff to proceed with a divorce in a default posture. The parties stipulated to submit the financial issues to a referee to hear and report, and a hearing was held over four days. The Referee issued an amended report, both parties filed objections thereto, and Supreme Court essentially adopted the Referee's amended report, with minor revisions. A judgment was entered, from which plaintiff appeals and defendant cross-appeals. Defendant also appeals from an order denying his application for an award of counsel fees.

The court properly concluded that a parcel of real property located at 180 Koenig Road is marital property. The court erred, however, in concluding that a parcel of real property located at 56 Christine Drive is marital property. Property acquired during the marriage is presumed to be marital property, even if it is titled only in the name of one spouse (*see* Domestic Relations Law § 236 [B] [1] [c]; *see also Galachiuk v Galachiuk,* 262 AD2d 1026, 1027). Gifts from persons other than the spouse, however, are separate property (*see* § 236 [B] [1] [d] [1]). The party seeking to overcome the presumption of marital property bears the burden of proving that the property is separate (*see Galachiuk,* 262 AD2d at 1027). We conclude that plaintiff met her burden of establishing that the parcel of real property located at 56 Christine Drive was a gift from her mother only to her. Although title to that property was placed in the names of both parties during the marriage on the advice of the family's estate lawyer, plaintiff testified that her mother purchased the property with her own funds and resided there until her death in 1994. Plaintiff further testified that in 1992 her mother asked that title to the property be transferred into plaintiff's name alone, because her mother wanted her to have the property inasmuch as plaintiff had no retirement fund of her own. Defendant admitted that plaintiff's mother asked him to make the transfer

and that the transfer was made. A document signed by defendant in 1995, acknowledging that the Christine Drive property was plaintiff's separate property, although not sufficient to meet the requirements of Domestic Relations Law § 236 (B) (3), provided additional evidence that plaintiff's mother intended to give the property only to plaintiff. Thus, we modify the judgment by granting plaintiff's objection to the Referee's amended report concerning the parcel of real property located at 56 Christine Drive, vacating that part of the Referee's amended report concerning that parcel of real property, and providing that the parcel of real property located at 56 Christine Drive is plaintiff's separate property.

The court did not abuse its discretion in distributing the remaining real property and defendant's pension. The court considered the appropriate factors, including plaintiff's substantial separate property and ability to be self-supporting, in awarding plaintiff less than half of defendant's pension and in awarding defendant title to 180 Koenig Road. Taking into consideration the equitable distribution of marital property to defendant and defendant's earning power, we cannot conclude that the court abused its discretion in refusing to award maintenance to defendant. We further agree with the court that the parties have the means to pay their own counsel fees.

The court did not abuse its discretion in determining that plaintiff is responsible for the debt charged to a joint Chase MasterCard. The Referee, who was in the best position to hear and see the witnesses, determined that the testimony of plaintiff that she did not use the Chase MasterCard was less than credible (*see Butler v Butler*, 256 AD2d 1041, 1044, *lv denied* 93 NY2d 805), and we see no basis to disturb that credibility determination.

We have examined the remaining issues raised by the parties and conclude that they are without merit. Present—Pigott, Jr., P.J., Hayes, Kehoe, Gorski and Lawton, JJ.