■ GAIL CHALIF, Appellant-Respondent, v DAVID CHALIF, Respondent-Appellant. [751 NYS2d 197] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Falanga, J.), entered June 5, 2001, as (1) awarded her maintenance in the sum of only $100,000 per year for a period of six years, (2) distributed to her only 25% of the marital portions of the defendant's medical practice and enhanced earning capacity, (3) awarded her child support in the sum of only $4,614 per month, (4) directed the defendant to pay only 70% of the parties' eldest child's college tuition and expenses and 50% of the child's room, board, and travel expenses, (5) directed the defendant to pay additional child support to defray the children's summer camp expenses, not to exceed only $7,000 per year for the parties' three children, (6) awarded her the sum of only $25,000 for counsel and expert fees, and (7) declined to award her additional child support in the amount of the parties' middle child's tuition for private school and tutoring expenses, and the defendant cross-appeals, as limited by his brief, from so much of the same judgment as awarded the plaintiff maintenance.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, with costs.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts (*see Mazzone v Mazzone,* 290 AD2d 495; *Liadis v Liadis,* 207 AD2d 331). Although the court is required to consider the parties' preseparation standard of living in determining the appropriate amount and duration of maintenance, a preseparation "high-life" standard of living does not guarantee a per se entitlement to an award of lifetime maintenance (*see Hartog v Hartog,* 85 NY2d 36). Rather, the court must consider the reasonable needs of the recipient spouse and the preseparation standard of living in the context of the other factors enumerated in Domestic Relations Law § 236 (B) (6) (a) (*see Hartog v Hartog, supra*). The Supreme Court properly considered all of the statutory factors, including the parties' preseparation standard of living, and providently exercised its discretion in awarding to the plaintiff maintenance in the amount of $100,000 per year for six years. The

amount and duration of the maintenance award will permit the plaintiff to become self-supporting and, when combined with the significant distributive award to the plaintiff, will permit her to maintain a standard of living comparable to that she enjoyed during the marriage (*see Unterreiner v Unterreiner,* 288 AD2d 463; *Gold v Gold,* 276 AD2d 587).

Although in a marriage of long duration, where both parties have made significant contributions to the marriage, a division of marital assets should be made as equal as possible (*see Granade-Bastuck v Bastuck,* 249 AD2d 444), there is no requirement that the distribution of each item of marital property be made on an equal basis (*see Arvantides v Arvantides,* 64 NY2d 1033; *Moyston v Jarrett,* 198 AD2d 216). The defendant had completed all but two years of his neurosurgical residency when the parties were married, the plaintiff made no direct contribution to the defendant's medical practice, and she made only a modest, indirect contribution to his practice. Accordingly, the Supreme Court providently exercised its discretion in awarding the plaintiff only 25% of the defendant's interest in Long Island Neurosurgical Associates and of his enhanced earning capacity (*see Arvantides v Arvantides, supra; Granade-Bastuck v Bastuck, supra; Gold v Gold, supra*).

In calculating the amount of basic child support, the Supreme Court properly applied the statutory percentage set forth in the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [b] [3] [iii]) to the combined parental income up to $80,000, and then applied a combination of the statutory percentage and the statutory factors set forth in Domestic Relations Law § 240 (1-b) (f) to the combined parental income in excess of $80,000 (*see Matter of Cassano v Cassano,* 85 NY2d 649; *Poli v Poli,* 286 AD2d 720). Moreover, pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C), the Supreme Court was required to deduct the amount of the maintenance award to the plaintiff from the defendant's income (*see Beece v Beece,* 289 AD2d 352). Considering all of the relevant statutory factors, including the distributive award to the plaintiff in excess of $2,500,000, the basic child support award was just and appropriate (*see Poli v Poli, supra; Gluckman v Qua,* 253 AD2d 267).

The Supreme Court's award of additional child support for summer camp and the college expenses of the parties' eldest child properly considered that a substantial portion of the defendant's income was utilized in the calculation of the basic child support, and the defendant's need to maintain a separate household and have money to live on after the child support

and maintenance payments were made (*see Polychronopoulos v Polychronopoulos,* 226 AD2d 354; *Manno v Manno,* 196 AD2d 488). Moreover, the Supreme Court providently exercised its discretion in declining to award additional child support in the amount of the private school tuition and tutoring expenses for the parties' middle child, since there was nothing in the record to indicate that such education was in the best interests of the child (*see Cassano v Cassano,* 203 AD2d 563).

The award of $25,000 for counsel and expert fees was reasonable in light of the financial circumstances of both parties, including the substantial distributive award to the plaintiff, which was sufficient to enable her to pay the litigation expenses, and the Supreme Court's determination that the counsel fees were excessive (*see Dempster v Dempster,* 236 AD2d 582; *Morton v Morton,* 130 AD2d 558). Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.