■ ROBERT McCULLY, Appellant, v CARRIE McCULLY, Respondent. [760 NYS2d 686] —In an action for a divorce and

ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered January 7, 2002, which, after a nonjury trial, inter alia, equitably distributed the parties' property and awarded the defendant maintenance, prejudgment interest, and an attorney's fee.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We find no reason to disturb the trial court's determination as to equitable distribution of the marital property (see Sebag v Sebag, 294 AD2d 560 [2002]; Oster v Goldberg, 226 AD2d 515 [1996]). Similarly, the amount and duration of maintenance is a matter committed to the sound discretion of the trial court and the trial court providently exercised its discretion (see Chalif v Chalif, 298 AD2d 348 [2002]; Damato v Damato, 215 AD2d 348 [1995]). Further, the record supports the trial court's finding that the defendant was entitled to prejudgment interest having been deprived of the use of her share of the marital property during the pendency of the action (see Grunfeld v Grunfeld, 94 NY2d 696, 707 [2000]; Haymes v Haymes, 298 AD2d 117 [2002]). Considering all of the factors (see Domestic Relations Law § 237 [d] [1]-[4]), including the disparity in the parties' incomes and the trial court's express finding that a significant portion of the protracted litigation was attributable to certain of the plaintiff's trial tactics and negotiating positions, the trial court providently exercised its discretion in awarding an attorney's fee to the defendant (see Chalif v Chalif, supra; Klein v Klein, 296 AD2d 533 [2002]; Krigsman v Krigsman, 288 AD2d 189 [2001]; Walker v Walker, 255 AD2d 375 [1998]; Thomas v Thomas, 221 AD2d 621 [1995]).

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.