(September 29, 2003)

■ MANJINDER BAINS, Respondent, v CHARANJIT BAINS, Appellant. [764 NYS2d 721] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Geller, R.), entered April 4, 2003, which, after a non-jury trial, inter alia, awarded the plaintiff primary physical custody of the parties' child and an attorney's fee in the sum of $30,000, directed him to pay maintenance in the sum of $3,000 per month for five years, retroactive maintenance arrears in the sum of $3,000 per month from the date of the commencement of the action less all sums already paid to the plaintiff, child support in the sum of $2,147.93 per month, all unreimbursed health care expenses for both the parties' child and the plaintiff, and to pay certain marital debts.

Ordered that the judgment is modified, on the law and as a matter of discretion, by deleting the provision thereof directing the defendant to pay all unreimbursed health care expenses

for both the parties' child and the plaintiff, and substituting a provision therefor directing the defendant to pay only reasonable unreimbursed health care expenses for the parties' child; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The parties were married on February 19, 2000, and have one child, Manveer Bains, born on January 4, 2001. After experiencing marital difficulties, the plaintiff left the marital residence. According to the plaintiff, she never intended to permanently leave the marital residence or her child. However, shortly after the plaintiff left, the defendant obtained a temporary order of custody. Since that time, the plaintiff has had visitation with the child three days a week, seven hours per day. After a trial, the Supreme Court awarded the plaintiff primary physical custody of the child.

In adjudicating custody and visitation issues, the most important factor to be considered is the best interest of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). In determining the best interest of the child, the courts must evaluate the "totality of [the] circumstances" (Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]). The court's determination is based to a great extent upon its assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parents, and the "findings of the nisi prius court must be accorded the greatest respect" (Matter of Irene O., 38 NY2d 776, 777 [1975]; see Eschbach v Eschbach, supra at 173). Moreover, " 'the effect that an award of custody to one parent might have on the child's relationship with the other parent' is also a proper and relevant consideration" (Young v Young, 212 AD2d 114, 118 [1995], quoting Bliss v Ach, 56 NY2d 995, 998 [1982]).

Contrary to the defendant's contention, primary physical custody was properly awarded to the plaintiff. Both neutral court-appointed experts believed that the plaintiff was a capable, caring, and motivated mother with good parenting skills. Where, as here, there is an absence of any evidence to the contrary, the experts' opinions are entitled to some weight (see Young v Young, supra), and should not be readily set aside (see Rentschler v Rentschler, 204 AD2d 60 [1994]).

Here, the Supreme Court carefully and properly considered all of the relevant factors and concluded that it was in the best interest of the child to award primary physical custody to the plaintiff. The Supreme Court's main consideration was that it is in the child's best interest to be raised primarily by his mother and not his paternal grandmother. There is ample evi-

dence in the record to support the Supreme Court's conclusion that the plaintiff would be the better party to foster a positive relationship between the child and the other parent (*see Young v Young, supra; Fanelli v Fanelli,* 215 AD2d 718, 720 [1995]). The award of primary physical custody to the plaintiff has a sound and substantial basis in the record and will not be disturbed on appeal (*see Eschbach v Eschbach, supra* at 174; *Friederwitzer v Friederwitzer, supra*).

The Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $3,000 per month for a period of five years. The overriding purpose of a maintenance award is to give the spouse economic independence (*see O'Brien v O'Brien,* 66 NY2d 576, 585 [1985]; *Palestra v Palestra,* 300 AD2d 288, 289 [2002]; *Schenfeld v Schenfeld,* 289 AD2d 219, 220 [2001]; *Granade-Bastuck v Bastuck,* 249 AD2d 444, 446). Spousal support should be awarded for a duration that would provide the recipient with enough time to become self-supporting (*see Schenfeld v Schenfeld, supra; Granade-Bastuck v Bastuck, supra*). In this case, the award is consistent with the purpose and function of maintenance. Moreover, the Supreme Court's determination to award the plaintiff child support and maintenance arrears from the date of the commencement of the action was proper (*see Rattler v Rattler,* 264 AD2d 768 [1999]).

The Child Support Standards Act provides that a parent's obligation to pay child support shall be based upon the parental income "as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]; Domestic Relations Law § 240 [1-b] [b] [5] [i]). The Supreme Court properly relied upon the defendant's most recently filed federal income tax return and, contrary to the defendant's contention, there was no reason to rely upon his 2002 income.

Moreover, the Supreme Court providently exercised its discretion in computing child support based on the combined parental income over $80,000. "As to combined parental income over $80,000, the statute explicitly affords an option: the court may apply the factors set forth in section 413 (1) (f) '*and/or* the child support percentage'" (*Matter of Cassano v Cassano,* 85 NY2d 649, 654 [1995], quoting Family Ct Act § 413 [1] [c] [3] [emphasis in original]). The Supreme Court expressly set forth its reasons for applying the statutory formula to income over $80,000 and we decline to disturb that award.

However, the Supreme Court improvidently directed the defendant to pay "all" of the unreimbursed health care expenses

for both the plaintiff and the child. Judgments of divorce which direct a parent to pay the other parent's unreimbursed health care expenses "are in the nature of open-ended obligations which this Court has consistently disfavored * * * Ordinary or routine unreimbursed medical expenses should be considered as included in a maintenance award, and extraordinary unreimbursed medical expenses cannot be awarded prospectively in unfixed amounts" (*Gulotta v Gulotta,* 215 AD2d 724, 725 [1995]; *Zabin v Zabin,* 176 AD2d 262, 264 [1991]). Thus, we modify the judgment to the extent of deleting the provision directing the defendant to pay the plaintiff's unreimbursed health care expenses. However, with respect to the child's unreimbursed health care expenses, we modify the judgment to direct the defendant to pay only "reasonable" unreimbursed health care expenses as the plaintiff conceded is appropriate.

The Supreme Court correctly determined that the defendant was responsible for the marital debt (*see Parkinson v Parkinson,* 295 AD2d 909, 910 [2002]; *Liepman v Liepman,* 279 AD2d 686, 689 [2001]). Moreover, given the equities of this case and the financial circumstances of the parties, the award of an attorney's fee in the sum of $30,000 to the plaintiff was properly within the sound discretion of the Supreme Court (*see O'Shea v O'Shea,* 93 NY2d 187, 193 [1999]; *Matter of Mullen v Just,* 288 AD2d 476, 477 [2001], *lv denied* 97 NY2d 613 [2002], *cert denied* 537 US 820 [2002]). Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.