MICHAEL IGNASZAK, Respondent, v PAMELA IGNASZAK, Appellant. [801 NYS2d 657]—

Appeal from a judgment of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 23, 2004 in a divorce action. The judgment, among other things, directed plaintiff to pay defendant $600 per month in child support.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing that each party shall be solely responsible for his or her attorney's fees and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with thefollowing memorandum: Defendant appeals from a judgment that adopted the findings of fact and conclusions of law of the Judicial Hearing Officer (JHO) directing plaintiff to pay defendant $600 per month in child support. The JHO set forth his reasons for deviating from the presumptive standard of support calculated pursuant to the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [f]). The judgment, however, fails to apportion each party's pro rata share of child care expenses and, because the record is not fully developed on that issue, we remit the matter to Supreme Court to determine following a hearing, if necessary, "reasonable child care expenses"

and each party's pro rata share of those expenses and future uncovered health care expenses (§ 240 [1-b] [c] [4]; *see* § 240 [1-b] [c] [5]; *Granade-Bastuck v Bastuck*, 249 AD2d 444, 446 [1998]). Finally, defendant contends that the court erred in failing to rule on her application for attorney's fees. The JHO determined that "[e]ach party shall be solely responsible for [his or her] attorney's fees," but that determination was not incorporated into the judgment of divorce. In our view, the court's failure to incorporate the JHO's determination was an oversight, and we therefore modify the judgment accordingly. Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.