■ MARILYN SCARLETT, Appellant, v HUMPHREY SCARLETT, Respondent. [830 NYS2d 156]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Stack, J.), entered January 27, 2005, which, after a nonjury trial, inter alia, (1) awarded the defendant a divorce on the ground of cruel and inhuman treatment and denied her a divorce on the same ground, (2) directed the plaintiff to pay maintenance to the defendant in the sum of $200 per month for a period of four years, (3) awarded the defendant the sum of $35,949.73, as a distributive award, payable pursuant to a stated monthly payment plan, (4) directed the equitable distribution of the marital portion of the plaintiff's pension and deferred compensation plans, (5) directed that a judgment levied against the marital residence as a result of the defendant's unpaid medical bills shall be paid from the plaintiff's share of the proceeds of sale of the marital residence, (6) declined to direct the defendant to pay for 50% of

the children's college tuition expenses, and (7) directed that the defendant exercise his visitation with the children at the marital residence.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, basing her argument primarily upon her allegations of physical abuse inflicted upon her by the defendant, contends that the court erred in its determinations with respect to, among other things, the grounds for divorce and the equitable distribution of the marital assets. The defendant denied the plaintiff's assertions of physical abuse and the court, having the unique opportunity to observe the witnesses and hear their testimony, credited the defendant's testimony and discredited the plaintiff's testimony. In a case tried without a jury, this Court's inquiry is "as broad as that of the trial court," and this Court may render a judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses (*Martinez v State of New York,* 225 AD2d 877, 878-879 [1996]; *see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492 [1983]). Here, the evidence supports the trial court's determination.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and must be determined on a case-by-case basis (*see Sidhu v Sidhu,* 304 AD2d 816, 817 [2003]; *Chalif v Chalif,* 298 AD2d 348 [2002]). In making such a determination, the trial court is required to consider, inter alia, the parties' pre-separation standard of living, the reasonable needs of the recipient spouse, and the financial disparity between the parties, and then, in its discretion, fashion a fair and equitable maintenance award (*see* Domestic Relations Law § 236 [B] [6] [a] [1]-[11]; *Hartog v Hartog,* 85 NY2d 36, 50-52 [1995]). Spousal support should be awarded for a duration that would provide the recipient enough time to become self-supporting (*see Bains v Bains,* 308 AD2d 557, 559 [2003]). Under the circumstances, the trial court providently exercised its discretion in its award of maintenance to the defendant in light of, among other factors, the disparity in the parties' incomes (*see Chalif v Chalif, supra*).

With respect to the award of equitable distribution, distributive awards must give effect to the concept of marriage as an economic partnership (*see Price v Price,* 69 NY2d 8, 14 [1986]). The court providently exercised its discretion in crediting the defendant's testimony, along with that of his witnesses and his documentary evidence, which demonstrated his contributions to

the marriage, and in discrediting the plaintiff's testimony in which she essentially alleged that the defendant contributed nothing to the marriage.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.