■ Jeanne Sirgant, Respondent, v John J. Sirgant, Appellant. [842 NYS2d 483]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Green, J.H.O.), dated January 21, 2005, which, after a hearing, inter alia, awarded the wife nondurational maintenance in the sum of $825 per month and directed him to pay child support to the wife in the sum of $1,344.17 per month. By decision and order of this Court dated December 5, 2006, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Orange County, to "report, based upon the evidence and other written submissions of counsel, as to how the Supreme Court calculated the awards of maintenance and child support" (*see Sirgant v Sirgant*, 35 AD3d 437, 438 [2006]). The Supreme Court, Orange County (Owen, J.), has filed its report along with the parties' submissions upon which its determination was based.

Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof directing the husband to pay the wife nondurational maintenance in the sum of $825 per month and substituting therefor a provision directing the husband to pay the wife the sum of $1,250 per month for five years, and (2) by deleting the provision thereof directing the husband to pay child support to the wife in the sum of $1,344.17 per month and substituting therefor a provision directing the husband to pay child support to the wife in the sum of $1,171.18 per month, such amount to

be reduced as each child reaches the age of 21 or emancipation; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and must be determined on a case-by-case basis (*see Scarlett v Scarlett,* 35 AD3d 710, 711 [2006]; *Chalif v Chalif,* 298 AD2d 348 [2002]). The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting (*see Scarlett v Scarlett,* 35 AD3d 710 [2006], *supra; Bains v Bains,* 308 AD2d 557, 559 [2003]; *Chalif v Chalif,* 298 AD2d 348 [2002], *supra*). Under the circumstances, the trial court providently exercised its discretion in awarding the wife maintenance, but the court erred in awarding her nondurational maintenance in the sum of $825 per month. Of note, the wife requested a maintenance award of $15,000 per year for a period of five years. We find, based on the evidence, that an award of $1,250 per month for a period of five years is appropriate in light of the wife's ability to become self-supporting.

In calculating the amount of basic child support, the Supreme Court properly exercised its discretion in applying the statutory percentages to the parties' combined income in excess of $80,000 for the reasons set forth in the Supreme Court's report, and we decline to disturb that determination (*see Matter of Cassano v Cassano,* 85 NY2d 649 [1995]; *Bains v Bains,* 308 AD2d 557 [2003], *supra*). However, the Supreme Court erred in its computation of the award by failing to deduct the amount of the maintenance award from the husband's income (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Chalif v Chalif,* 298 AD2d at 349; *Beece v Beece,* 289 AD2d 352, 353 [2001]), and by utilizing an incorrect adjusted gross income for the husband. Thus, the basic child support award should have been computed to be $1,171.18 per month.

The appellant's remaining contentions are without merit. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.