■ LINDA DIBLASI, Respondent-Appellant, v THOMAS DIBLASI, Appellant-Respondent. LAWRENCE H. BLOOM, Nonparty Respondent. [852 NYS2d 195]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Fitzmaurice, J.), dated March 14, 2006, as denied his motion pursuant to CPLR 4404 (b) to set aside stated portions of the decision dated September 21, 2005, made after trial, (2), as limited by his brief, from so much of a judgment of the same court dated April 19, 2006, as, upon the decision, awarded the plaintiff the sum of $1,822 per week in child support, directed him to pay for the college tuition and room and board for the parties' children "up to a 'SUNY cap,' " awarded the plaintiff a distributive award in the sum of $43,537 from his 401k, adopted a neutral appraiser's value for his business, directed him to maintain a term life insurance policy upon his own life in the amount of $2,000,000, and awarded the plaintiff an attorney's fee in the sum of $133,101.17, and the plaintiff cross-appeals (1), as limited by her brief, from so much of the same order as denied those branches of her motion pursuant to CPLR 4404 (b) which were to set aside stated portions of the decision, and (2), as limited by her brief, from so much of the same judgment as failed to award her lifetime maintenance, awarded the defendant a separate property credit in the sum of $22,500 related to the marital residence, failed to award her support arrears, and failed to award a portion of a pension allegedly held by the defendant.

Ordered that the appeal and the cross appeal from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding the defendant a separate property credit in the sum of $22,500 related to the marital residence, (2) by deleting the provision thereof awarding the

plaintiff maintenance for a period of two years and substituting therefor a provision awarding the plaintiff maintenance until March 14, 2013, and (3) by deleting the provision thereof awarding the plaintiff an attorney's fee in the sum of $133,101.17 and substituting therefor a provision awarding the plaintiff an attorney's fee in the sum of $100,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursement.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal and cross appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

" '[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts' (*Wortman v Wortman,* 11 AD3d 604, 606 [2004])" (*Griggs v Griggs,* 44 AD3d 710, 711 [2007]; *see also Xikis v Xikis,* 43 AD3d 1040 [2007]; *Mazzone v Mazzone,* 290 AD2d 495 [2002]). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting (*see Scarlett v Scarlett,* 35 AD3d 710 [2006], *supra; Bains v Bains,* 308 AD2d 557, 559 [2003]; *Chalif v Chalif,* 298 AD2d 348 [2002])" (*Sirgant v Sirgant,* 43 AD3d 1034, 1035 [2007]; *see also Walter v Walter,* 38 AD3d 763 [2007]). "In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and future earning capacity of both parties (*see* Domestic Relations Law § 236 [B] [6] [A] . . .)" (*Haines v Haines,* 44 AD3d 901, 902 [2007] [citations omitted]).

The Supreme Court providently exercised its discretion in determining the monthly amount of maintenance, but improvidently exercised its discretion in limiting the duration of the maintenance award to two years. Taking into consideration all the relevant factors, including the plaintiff's age, education, extended absence from the work force while raising the parties' five children, who are still minors, and the present and future earning capacities of both parties, the duration of the award of maintenance should be extended until March 14, 2013. The extension of the defendant's maintenance obligation, until the two youngest boys are college age, should afford the plaintiff a sufficient opportunity to become self-supporting.

The Supreme Court erred in awarding the defendant a separate property credit in the sum of $22,500 related to the marital residence for the proceeds of a cooperative apartment he sold. While a party is entitled to a separate property credit for the value of property even where the net proceeds from its sale are used as partial payment on a marital residence (*see Falgoust v Falgoust,* 15 AD3d 612, 614 [2005]), the evidence presented at trial showed that the proceeds of the sale were not used to purchase the marital residence and the defendant was not entitled to a separate property credit.

The Supreme Court is vested with the discretion to make an award of an attorney's fee, having consideration for the respective financial circumstances of the parties, together with all the circumstances of the case (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879 [1987]; *see also O'Shea v O'Shea,* 93 NY2d 187 [1999]). "Where the parties' respective financial positions give one a distinct advantage over the other, the court may direct the monied spouse to pay counsel fees to the attorney for the non-monied spouse (*see Silverman v Silverman,* 304 AD2d 41, 48 [2003])" (*Kaplan v Kaplan,* 28 AD3d 523, 523 [2006]; *see also Sevdinoglou v Sevdinoglou,* 40 AD3d 959 [2007]). "An appropriate award of attorney's fees should take into account the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of the fees under all of the circumstances" (*Grumet v Grumet,* 37 AD3d 534, 536 [2007]).

The Supreme Court providently exercised its discretion in determining that the plaintiff was entitled to an award of an attorney's fee. However, given all the circumstances of this case, we find that an attorney's fee in the sum of $100,000 is appropriate (*cf. Stadok v Stadok,* 25 AD3d 547 [2006]).

The parties' remaining contentions are without merit. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.