■ JACQUELINE FELIX, Respondent, v ROBERT FELIX, Appellant. [930 NYS2d 230]—

Contrary to the defendant's contentions, the Supreme Court did not err in awarding a portion of his retirement benefits to the plaintiff (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]). The plaintiff was not seeking an immediate payment of her share of the retirement benefits, so a valuation of them as a lump sum was unnecessary (*see Koeth v Koeth*, 309 AD2d 786 [2003]). Sufficient evidence was presented at trial to support the Supreme Court's determination that the plaintiff was entitled to 50% of the marital share of those benefits. In addition, the Supreme Court providently exercised its discretion in directing the defendant to maintain a life insurance policy in the amount of $300,000 as security for the plaintiff's interest in his retirement benefits (*see* Domestic Relations Law § 236 [B] [8] [a]).

The amount and duration of maintenance is addressed to the sound discretion of the trial court, and is to be determined on a case-by-case basis (*see Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]). " 'In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and future earning capacity of both parties' " (*Wasserman v Wasserman*, 66 AD3d 880, 883 [2009] [some internal quotation marks omitted], quoting *DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008]; *see* Domestic Relations Law § 236 [B]

██ [a]). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*DiBlasi v DiBlasi*, 48 AD3d at 404 [internal quotation marks omitted]; *see Haines v Haines*, 44 AD3d 901, 902 [2007]; *Sirgant v Sirgant*, 43 AD3d at 1035; *Scarlett v Scarlett*, 35 AD3d 710 [2006]). Here, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $1,200 per month. Nevertheless, we find that, under all the circumstances, the duration of the defendant's maintenance obligation should be reduced from eight years to six years.

The Supreme Court providently exercised its discretion in directing the defendant to contribute towards the cost of parochial school tuition for the parties' youngest child (*see Liles v Liles*, 56 AD3d 531, 532 [2008]; *Marin v Marin*, 283 AD2d 615 [2001]). Finally, it was premature for the Supreme Court to direct the defendant to contribute towards the college costs of the two youngest children because, at the time of trial, those two children were less than 16 and 13 years old, and no evidence was adduced concerning their academic ability, interest in attending college, or choice of college (*see Bibas v Bibas*, 58 AD3d 586, 588 [2009]; *Matter of Halpern v Kuruvilla*, 280 AD2d 670, 670-671 [2001]; *Tan v Tan*, 260 AD2d 543 [1999]; *Granade-Bastuck v Bastuck*, 249 AD2d 444, 446 [1998]). Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.