In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Kings County (Harkavy, J.H.O.), dated December 13, 2010, which, upon a decision of the same court (Thomas, J.), made after a nonjury trial, inter alia, awarded her maintenance in the sum of only $300 per month for a period of 12 months, and distributed the marital assets.
Ordered that the judgment is modified, on the facts, by deleting the provision thereof awarding the defendant maintenance in the sum of $300 per month for a period of 12 months, and substituting therefor a provision awarding the defendant maintenance in the sum of $500 per month for a period of 24 months; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.
“The trial court ‘is vested with broad discretion in making an equitable distribution of marital property’ (Bossard v Bossard, 199 AD2d 971, 971 [1993]), and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed (see Oster v Goldberg, 226 AD2d 515 [1996])” (Saleh v Saleh, 40 AD3d 617, 617-618 [2007]). Here, the trial court’s equitable distribution of the increase in value of the plaintiff’s separate property during the course of the marriage is supported by the record.
*633 “ ‘The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting’ (Sirgant v Sirgant, 43 AD3d 1034, 1035 [2007]; see Kilkenny v Kilkenny, 54 AD3d 816, 820 [2008]; DiBlasi v DiBlasi, 48 AD3d 403, 404 [2008]). The mere fact, however, that a party has the ability to become self-supporting in no way obviates the need for the trial court to consider the pre-divorce standard of living in determining the amount and duration of maintenance (see Domestic Relations Law § 236 [B]; Hartog v Hartog, 85 NY2d 36, 50-51 [1995]; Krigsman v Krigsman, 288 AD2d 189, 190 [2001])” (Heiny v Heiny, 74 AD3d 1284, 1287 [2010]).
Based on the facts of this case, an award of maintenance in the sum of $500 per month for a period of 24 months is warranted.
The defendant’s remaining contentions are either without merit or based on matter dehors the record. Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.