Sickinger v Sickinger (2023 NY Slip Op 05343)

Sickinger v Sickinger

2023 NY Slip Op 05343

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 305619/17 Appeal No. 831 Case No. 2023-01113 

[*1]Andrew D. Sickinger, Plaintiff-Respondent,
v
Erin Sickinger, Defendant-Appellant.

Krauss Shaknes Tallentire & Messeri LLP, New York (Heidi Tallentire of counsel), for appellant.
Andrew D. Sickinger, respondent pro se.

Supplemental order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about February 2, 2023, which denied defendant mother's petition to modify the parties' stipulation of settlement dated November 25, 2019, unanimously affirmed, without costs.
The record provides a sound and substantial basis for the court's determination that the parties' existing parenting access agreement should be continued. The forensic evaluator recommended altering the parties' agreement and her determinations are entitled to some weight (see Rentschler v Rentschler, 204 AD2d 60, 60 [1st Dept 1994], lv dismissed 84 NY2d 1027 [1995]; Bains v Bains, 308 AD2d 557, 558 [2d Dept 2003]). However, the recommendations of a forensic evaluator are not determinative; rather, they are but one factor to be considered in making a custody determination and do not usurp the judgment of the trial judge, who is in the best position to assess the witnesses' credibility (see Yolanda R. v Eugene I.G., 38 AD3d 288, 289 [1st Dept 2007]; Edgerly v Moore, 232 AD2d 214, 215 [1st Dept 1996]).
According great weight to Supreme Court's findings (see Yolanda R., 38 AD3d at 289), we find that the record supports the court's determination regarding the best interests of the child. The court heard the testimony of the parents, the paternal grandmother, and the forensic evaluator, and received in evidence a letter from the new parenting coordinator. The forensic evaluator never explained whether her conclusions about the father were any different from those in her initial evaluation, which already resulted in a restrictive and essentially permanently supervised parental access to the father. As for the father, he acknowledged that he used to engage in the behaviors the mother and forensic evaluator found inappropriate and testified about the actions he had taken to address the mother's concerns. Although the change in the father's behavior was not accompanied by insight as to why his actions and statements were not appropriate to begin with, the court appropriately balanced this fact against the existing safeguards and restrictions on the father's parental access. Furthermore, the paternal grandmother, who was an agreed-upon supervisor, testified that she was aware of the specifics of the mother's allegations and had conversations with the mother about the purpose and scope of her supervision. There was no evidence that the grandmother did not take her duties seriously, and the court was entitled to credit the grandmother's testimony. Additionally, the new parenting coordinator supported maintaining the existing schedule and supervisory arrangement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023