| Mischel v Moskovitz |
|---|
| 2025 NY Slip Op 30374(U) |
| January 23, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655958/2023 |
| Judge: Shahabuddeen Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. SHAHABUDDEEN ABID ALLY     PART 16TR
_Justice_

| This Amended Decision and Order, which specifies who the judgment should be entered against, recalls and replaces the Decision and Order dated August 7, 2024, and entered in NYSCEF on August 9, 2024, as Doc. 18. |

---

JASON R. MISCHEL, ESQ.,

                                        Petitioner,

For an Order Pursuant to Article 75 of the CPLR
Confirming an Arbitration Award,

                        -against-

JAMES MOSKOVITZ, JOYCE MOSKOVITZ, JOY-CPW,
INC., and JMJ FILMS, INC.,

                                        Respondents.

| | |
|---|---|
| INDEX NO. | 655958/2023 |
| MOTION DATE | 2/5/2024 |
| MOTION SEQ. NO. | 001 |

## AMENDED DECISION & ORDER

---

The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **ARTICLE 75 (CONFIRM AWARD)**: 1-5, 7-17

---

Petitioner brings this special proceeding pursuant to CPLR Article 75 for an order confirming an arbitration award dated October 26, 2023, directing judgment be entered upon the award in petitioner's favor, and awarding petitioner costs, interest, and all attorney's fees petitioner incurred as the result of a previous collection action. Respondents opposed the petition to the extent it seeks attorney's fees.

On March 24, 2023, petitioner was notified by email from the Fee Dispute Resolution Program Administrator of the New York County Lawyers Association that the Part 137 Joint Committee on Fee Disputes and Conciliation had been referred respondents' Request for Fee Arbitration. The arbitration arose from a fee dispute between petitioner and respondents. Petitioner alleged that he was owed $43,782.60 on an unpaid bill for legal services rendered. The parties had agreed to arbitration in a retainer agreement, dated November 19, 2019, that provided, in relevant part, that, "[i]f a fee dispute over a bill arises, the parties agree to refer the matter to Arbitration in New York City pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of New York." (NYSCEF Doc. 2 at p. 5)

655958/2023 Jason R. Mischel, Esq. v. James Moskovitz et al.
Mot. Seq. No. 1

Page 1 of 4

[* 1]

All parties participated in the arbitration hearing on October 10, 2023. On October 26, 2023, the parties were served with the arbitrators' award. (NYSCEF Doc. 4) Petitioner was awarded the sum of $33,972.40. Petitioner subsequently commenced this proceeding to confirm the award on November 29, 2023.

CPLR § 7510 provides that a court shall confirm an arbitration award upon application of a party made within one year following the award unless the award is vacated or modified in accordance with CPLR § 7511. Confirmation shall be summarily granted unless vacatur or modification is raised by a party or petitioner's application is untimely. *Bernstein Family Ltd. P'ship v. Sovereign Partners L.P.*, 66 A.D.3d 1 (1st Dep't 2009).

Here, there is no dispute that petitioner's application is timely or was properly served upon respondents. The award has not been vacated or modified, and the time in which respondents may move to do so has expired. *See* CPLR § 7511(a) ("An application to vacate or modify an award may be made by a party within ninety days after its delivery to him.").

Respondents oppose the application only to the extent that petitioner seeks recovery of attorney's fees incurred in connection with petitioner's separately filed action to collect his fees. Petitioner alleges that, prior to respondents' referral of the fee dispute to the Part 137 Joint Committee on Fee Disputes and Conciliation, petitioner had demanded that respondents arbitrate the dispute but that respondents refused, requiring petitioner to initiate a collection action in the New York County Supreme Court, Index No. 650345/2023. The retainer agreement provides that, should a client refuse to arbitrate a fee dispute, the client "shall be liable for all attorneys' fees incurred by [petitioner] for any collection action." (NYSCEF Doc. 2 at p. 5) Petitioner alleges, therefore, that he is entitled to collect his fees incurred in connection with the collection action in this proceeding.

The Court disagrees. This is a proceeding pursuant to Article 75 to confirm an arbitration award. The award in question awarded petitioner a sum representing his fees attributable to his representation of respondents. The award did not include a sum attributable to the fees he incurred representing himself in the collection action. Such fees, their amount, and whether petitioner is entitled to them pursuant to the retainer agreement is thus not before the Court in this proceeding.

655958/2023 Jason R. Mischel, Esq. v. James Moskovitz et al.
Mot. Seq. No. 1

Page 2 of 4

[* 2]

The cases on which petitioner relies do not mandate a different conclusion. In *Berg v. Berg*, 20 Misc. 3d 1142(A) (N.Y. Sup. Ct. Kings Cty. Sept. 8, 2008), attorneys' fees were part of the arbitration award sought to be confirmed. That is not the case here. Further, while the trial court's citation to *Diblasi v. Diblasi*, 48 A.D.3d 403, 405 (2d Dep't 2008), for the proposition that "[t]he Supreme Court is vested with the discretion to make an award of an attorney's fee" is accurate, that case and proposition relate to a trial court awarding a party the attorney's fees it incurred in connection with the action before the court, not in an entirely separate action. *HFZ Bryant Park Owner LLC v. South BP Associates, LLC*, No. 650112/2018, 2019 WL 1091255 (N.Y. Sup. Ct. N.Y. Cty. Mar. 7, 2019), is inapposite for the same reason. There, the trial court awarded attorney's fees to the respondent in a § 7510 proceeding because the respondent was the prevailing party and, as such, was entitled to attorney's fees pursuant to the parties' agreement. *Id.* at *6 ("South BP is the prevailing party in this action as it succeeded in having the Arbitration Award confirmed. And, pursuant to the JVA, South BP is thus entitled to is reasonable attorneys' fees and costs."). Again, petitioner is not seeking his fees incurred in connection with *this proceeding* to confirm the arbitration award.

Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the Verified Petition and Amended Notice of Petition (Seq. No. 1) are **GRANTED in part** to the extent that the First Cause of Action is granted and the arbitration award dated October 26, 2023 (annexed to the Verified Petition as Exhibit C), is **CONFIRMED**; and it is further

**ORDERED and ADJUDGED** that the Verified Petition and Amended Notice of Petition (Seq. No. 1) are **DENIED in part** to the extent that the Second Cause of Action is denied; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of petitioner and against respondents upon said award in the amount of $33,972.40 plus interest from October 26, 2023, plus costs and disbursements; and it is further

**ORDERED** that petitioner shall serve a copy of this Decision and Order upon respondents and upon the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

655958/2023 Jason R. Mischel, Esq. v. James Moskovitz et al.
Mot. Seq. No. 1

Page 3 of 4

[* 3]

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[1] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequence 1 decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

_January 23, 2025_
DATE

SHARABUDDEEN ABID ALLY, A.J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| APPLICATION: | | GRANTED | | DENIED | X GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

655958/2023 Jason R. Mischel, Esq. v. James Moskovitz et al.
Mot. Seq. No. 1

Page 4 of 4

4 of 4