Christopher C. McGrath, S.
This is an application for the denial of probate to an instrument purporting to be a will and for the issuance of letters of administration to the petitioners.
The decedent executed a will in duplicate on November 1, 1954. The copy has been filed but the original which was last shown to have been in the possession of decedent and not found after her death has not been produced. It appearing to the satisfaction of the court that the decedent had possession of the original will and no satisfactory explanation for the non-production having been offered, the presumption arises that the decedent destroyed it anima revocandi, and since both counterparts constitute the will, the revocation of one is deemed a revocation of both. Accordingly, probate of the paper writing dated November 1,1954 must be denied.
That brings up for determination the question to whom letters of administration in this estate should be granted. The petitioners for letters of administration are the son and daughter of the decedent. Their application is opposed by the decedent’s husband who as the surviving spouse claims priority to letters pursuant to section 118 of the Surrogate’s Court Act.
The petitioners challenge the right of the surviving spouse to letters on the ground that he relinquished all claims to share in the decedent’s estate by reason of an antenuptial agreement entered into by him and the decedent.
The uncontroverted allegations indicate that in 1955 the decedent was a widow, then age 71 year's, and that she had two children who are the petitioners herein. The objectant was a widower and he also had grown children. On October 24, 1955 the decedent and the objectant executed an antenuptial agreement. By the terms of this agreement the objectant gave up all claims against the estate of the decedent which he might have under the Decedent Estate Law of the State of New York and waived any and all claims that he would be entitled to as a surviving spouse in the estate of the decedent in case of her intestacy. Thereafter, on November 10, 1955 the parties to this antenuptial agreement were married and the husband moved into the apartment then occupied by the decedent.
It is apparent that if the antenuptial agreement herein is a valid contract, the objectant has forfeited his right to receive *275 letters of administration since he would not be entitled to share in the estate of this intestate decedent.
The attorney for the object ant concedes that the surviving spouse executed the antenuptial agreement. However, he argues that it is not enforcible or valid since it was not executed in accordance with the provisions of subdivision 9 of section 18 of the Decedent Estate Law. This section provides in part as follows: “ A waiver or release to be effective under this subdivision shall be subscribed by the maker thereof and either acknowledged or proved in the manner required for the recording of a conveyance of real property.”
It is conceded by all parties that no certificate of acknowledgment was attached to the antenuptial agreement but the attorney who prepared the instrument and who was present at its execution affixed his signature at that time as a subscribing witness after the parties signed the agreement. After the commencement of this proceeding the subscribing witness voluntarily made due proof of the execution of the antenuptial agreement before a notary public who attached his certificate so that the instrument was in recordable form in accordance with section 304 of the Real Property Law. This section provides as follows: ‘1 When the execution of a conveyance is proved by a subscribing witness, such witness must state his own place of residence, and if his place of residence is in a city, the street and street number, if any thereof, and that he knew the person described in and who executed the conveyance. The proof must not be taken unless the officer is personally acquainted with such witness, or has satisfactory evidence that he is the same person, who was a subscribing witness to the conveyance.”
The attorney for the husband objectant takes the position that the antenuptial agreement is void and of no effect because the pertinent provisions of subdivision 9 of section 18 of the Decedent Estate Law have not been complied with. He relies on Matter of Howland (284 App. Div. 306) and cases cited and upon Matter of Warren (16 A D 2d 505, affd. 12 N Y 2d 854) as authority for the principle that if an instrument is not duly acknowledged it is of no force and effect to deprive a surviving spouse of an intestate share.
This court is familiar with the holding in the above cases and with the rationale set forth at length in these decisions. In these cases, although the agreement was signed by the parties, it was neither acknowledged nor subscribed by cmy witness. In the case at bar although the agreement was not acknowledged, it was subscribed by a witness at the time of execution. In view *276 of proper attestation of the agreement by a subscribing witness, the Howland and Warren cases are clearly distinguishable and are not controlling in the instant case.
In reaching the: conclusion that the antenuptial agreement herein has been duly executed because attested before a subscribing witness, this court relies upon Matter of Maul (176 Misc. 170, affd. 262 App. Div. 941, affd. 287 N. Y. 694) which is practically on all fours with the instant case and is controlling. In the Maul case the court held that although no certificate of acknowledgment was attached to the instrument, it was taken before a subscribing witness and as a result complied with subdivision 9 of section 18 of the Decedent Estate Law.
One additional objection to the validity of the antenuptial agreement requires comment. Counsel for the surviving spouse argues that the subscribing witness’ acknowledgment has no validity since it was not affixed during the lifetimes of the parties to the agreement. There is no merit to this argument. This court believes that the formalities of execution of the agreement required by statute have been complied with even though the acknowledgment of the subscribing witness took place several years after its execution by the objectant (Matter of Maul, supra; Davin v. Isman, 228 N. Y. 1; Matter of Stoeger, 30 Misc 2d 1090, mod. on other grounds 17 A D 2d 986).
Accordingly, the court finds that the objectant waived his right to share in the estate of his spouse and therefore is not entitled to letters of administration in her estate. Letters will issue to the petitioners upon filing a bond in the sum of $12,500.
In view of the holding by the court herein, the question of the objectants’ abandonment of the decedent has become academic.