■ Murray Bernstein, Respondent, v Robert B. Sosnowitz, Appellant. [603 NYS2d 493] —In an action to recover broker's commissions, the defendant appeals from a judgment of the Supreme Court, Nassau County (McCabe, J.), dated May 3, 1991, which awarded the plaintiff commissions in the amount of $211,060.54 including costs and disbursements. The appeal brings up for review so much of an order of the same court, dated September 23, 1988, as denied the defendant's cross motion for summary judgment.

Ordered that the judgment is affirmed, with costs.

The defendant, a licensed real estate broker, was granted an exclusive right to sell a particular piece of property. The defendant then entered into a cobrokerage agreement with the plaintiff, who is also a licensed real estate broker. The agreement, drawn by the defendant, stated in pertinent part: "Upon actual sale and transfer of title to said premises brought about by a client *brought to deal* by me, (Murray Bernstein) I shall share in commission of five (5%) per cent with you Robert B. Sosnowitz on a basis of; thirty-three and one/third percent for Robert Sosnowitz (33⅓%), and sixty-six and two/thirds percent for Murray Bernstein (66⅔%)" (emphasis added).

The plaintiff showed the property to a buyer, Shnay Construction Corp. (hereinafter Shnay), and notified the property

owner and the defendant that Shnay was interested in purchasing the property. The plaintiff had no further involvement in the transaction.

Ultimately, Shnay purchased the property. At the closing, the defendant was paid his commission pursuant to his exclusive right to sell agreement. Upon learning of the sale, the plaintiff demanded payment pursuant to the cobrokerage agreement. The defendant refused.

After the plaintiff commenced the instant action, each party moved for summary judgment. The Supreme Court denied the motions, finding "what the parties intended when they agreed plaintiff would recover a commission if a client of his was brought to deal" was a question of fact.

At the trial, the plaintiff argued that according to the cobrokerage agreement, he had earned his commission when he introduced the ultimate buyer to the seller. The defendant argued that the plaintiff had to be the "procuring cause" of the sale to earn a commission. The jury found in favor of the plaintiff.

Contrary to the defendant's contentions, the verdict was supported by the evidence. The issue of "[t]he credibility of the witnesses, the reconciliation of conflicting statements, a determination of which should be accepted and which rejected, the truthfulness and accuracy of the testimony, whether contradictory or not, are for the trier of fact" (Barnet v Cannizzaro, 3 AD2d 745, 747). Moreover, it is well settled that any ambiguity which might exist must be construed against the defendant as drafter of the agreement (see, Diodato v Eastchester Dev. Corp., 111 AD2d 303). The jury's determination is supported by the record and as such should not be disturbed on appeal (see, D'Amico v Allstate Ins. Co., 194 AD2d 761; Vizzari v State of New York, 184 AD2d 564).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.