■ ANNA F. COSTANTINO, Respondent, v THOMAS COSTANTINO, Appellant. [639 NYS2d 936]

The husband contends that the court erred in awarding the wife permanent maintenance in light of the equitable distribution she received pursuant to their separation agreement. We disagree.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court *(see, Gulotta v Gulotta,* 215 AD2d 724; *Feldman v Feldman,* 194 AD2d 207, 217-218; *Sperling v Sperling,* 165 AD2d 338, 341). The wife, who was 51 years old at the time of trial in 1994, spent the bulk of the parties' 29 years of marriage tending to the children and the maintenance of their home. Apart from working as a secretary or as a clerical worker during the first five years of their marriage while the husband was completing medical school and a fellowship, the wife did not have other substantial or gainful employment. Her age and her limited skills, as well as the passage of more than 20 years since she left the job market, make it highly unlikely that the wife would find employment that would permit her to be self-supporting and enjoy the standard of living she had enjoyed during the marriage *(see, Liadis v Liadis,* 207 AD2d 331; *Phillips v Phillips,* 182 AD2d 746, 747; *Sperling v Sperling,* 165 AD2d 338, 341-342, *supra).*

Further, the husband, who is a cardiologist and a partner in a cardiology firm, did not dispute that he can afford the maintenance payments. His only argument concerning the nondurational aspect of the award is that he may not be able to afford the payments when he retires. However, as noted by the trial court, the husband is not without remedy should that situation arise *(see,* Domestic Relations Law § 236 [B] [9] [b]). Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.