■ In the Matter of the Estate of DOROTHY SAPERSTEIN, Deceased. SOLOMON SAPERSTEIN, Appellant; MICHAEL KARU et al., Respondents. [678 NYS2d 618] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about July 16, 1997, which granted respondents' motion to dismiss petitioner's application for permission to file a late notice of election pursuant to EPTL 5-1.1-A against the estate of his deceased wife, Dorothy Saperstein, unanimously affirmed, with costs.

EPTL 5-1.1-A (e) (2) provides that to be effective, a spouse's waiver of election "must be in writing and subscribed by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property". Here, while there was no acknowledgment by the subscribing spouse during the decedent's lifetime—and any attempt to manufacture such an acknowledgment *post mortem* would be ineffective (*see, Matter of Warren*, 16 AD2d 505, 508, *affd* 12 NY2d 854)—the waiver is nonetheless susceptible of being "proved" in the manner required for the

recording of a conveyance of real property, as set forth in Real Property Law § 304. The proof of execution prepared after the decedent's death by the attorney who signed the waiver as a subscribing witness is sufficient to comply with Real Property Law § 304 (*see, Matter of Maul,* 176 Misc 170, *affd* 262 App Div 941, *affd* 287 NY 694; *Matter of Stegman,* 42 Misc 2d 273; *Matter of Felicetti,* NYLJ, Jan. 22, 1998, at 31, col 3). As the subject waiver was, accordingly, valid, petitioner's application to elect against his spouse's estate was properly dismissed. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.