■ In the Matter of the Estate of ALTIMONT L. BECKFORD, Deceased. MAUREEN BECKFORD, Appellant; LENA WILSON, Re-

spondent. [720 NYS2d 176] —In a proceeding to settle the account of the executor of the estate of Altimont L. Beckford, the widow appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (Radigan, J.), entered October 14, 1999, as denied her cross motion for summary judgment declaring the validity of her notice of election to take against the decedent's will.

Ordered that the order is affirmed insofar as appealed from, with costs.

The executor of the decedent's estate rejected the widow's notice of election to take against the decedent's will on the ground that she had executed a prenuptial agreement, which, among other provisions, waived her right of election. When the executor moved for summary judgment dismissing the widow's attempt to exercise her right of election, she annexed the deposition testimony of the attorney who allegedly notarized the widow's signature and signed the prenuptial agreement as a subscribing witness at the execution. When the widow cross-moved for summary judgment, she claimed in an affidavit that she never signed the prenuptial agreement and argued that, in any event, the acknowledgment attached to the agreement was invalid because her last name and the date were missing. The Surrogate's Court denied the motion and the cross motion on the ground that both parties failed to satisfy their respective burdens of proof.

Summary judgment is a drastic remedy that should not be granted where there is any doubt as to the existence of a material issue of fact or where the issue is arguable (*see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Here, the conflict between the widow's affidavit and the attorney's deposition testimony raises a triable issue of fact as to whether the purported waiver in the prenuptial agreement is valid (*see, Matter of Saperstein,* 254 AD2d 88; *Matter of Stegman,* 42 Misc 2d 273; *Matter of Maul,* 176 Misc 170, *affd* 262 AD 941, *affd* 287 NY 694). O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.