■ JoAnn Siclari, Respondent, v Anthony Siclari, Jr., Appellant. [736 NYS2d 908] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) an order of the Supreme Court, Richmond County (Maltese, J.), dated July 5, 2000, (2) so much of an order of the same court, dated August 15, 2000, as granted that branch of the motion of the plaintiff wife which was to direct him to pay her counsel $5,000 as an interim attorney's fee, and (3) so much of an order of the same court, dated September 27, 2000, as, upon reargument, adhered to so much of the order dated July 5, 2000, as determined that certain provisions of a prenuptial agreement entered into by the parties on May 18, 1987, were invalid and unenforceable.

Ordered that the appeal from the order dated July 5, 2000, is dismissed as abandoned; and it is further,

Ordered that the orders dated August 15, 2000, and September 27, 2000, are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court providently exercised its discretion in granting that branch of the wife's motion which was for pendente lite counsel fees (*see, Anonymous v Anonymous,* 258 AD2d 547; *Berlly v Berlly,* 237 AD2d 553; *Kesten v Kesten,* 234 AD2d 427; *Mitzner v Mitzner,* 228 AD2d 483). The Domestic Relations Law authorizes the court, in its discretion, to award an interim counsel fee where, as here, there is a significant disparity in the financial circumstances of the parties, and where it appears that the litigation will be protracted (*see,* Domestic Relations Law § 237 [a] [5]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Ljutic v Ljutic,* 216 AD2d 274; *Ferdinand v Ferdinand,* 215 AD2d 350).

The Supreme Court also properly set aside the wife's waiver of maintenance contained in the parties' 1987 prenuptial

agreement. The relevant provision is unconscionable because it was not negotiated at arms' length and is facially unfair. It is not disputed that the prenuptial agreement was drafted by the husband's lawyer, and was forced upon the young wife, who was not represented by counsel, on the night before the wedding, by the husband and his father (*see, Bartlett v Bartlett,* 84 AD2d 800). In addition, the agreement appears to violate public policy, in that it would reward a short-term relationship while penalizing a long-term relationship.

Finally, the Supreme Court properly determined that the prenuptial agreement did not exclude from equitable distribution any appreciation in the value of the husband's separate property and/or any income derived from that property which was the result of a direct or indirect contribution by the nontitled spouse (*see, Price v Price,* 69 NY2d 8). Ritter, Acting P.J., Florio, Friedmann and Cozier, JJ., concur.