■ APOLONIA CARRASCO, Respondent, v FRANCISCO CARRASCO, Appellant. [756 NYS2d 225] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Stack, J.), dated May 23, 2001, which denied his motion for summary judgment dismissing the plaintiff wife's claim for equitable distribution.

Ordered that the order is affirmed, without costs or disbursements.

The husband seeks summary judgment dismissing the wife's claim for equitable distribution, contending that a 1975 agree-

ment entered into between the parties before their marriage and a 1982 agreement entered into after the parties were married settle all property rights between them.

"[S]trong public policy favor[s] individuals ordering and deciding their own interests through contractual arrangements" (*Matter of Greiff,* 92 NY2d 341, 344; *see Bloomfield v Bloomfield,* 97 NY2d 188, 193). "Thus, as with all contracts, we assume a deliberately prepared and executed agreement reflects the intention of the parties. Further, while we must be concerned with what the parties intended, we generally may consider their intent only to the extent that it is evidenced by their writing" (*Bloomfield v Bloomfield, supra* at 193; *see Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386-387).

Contrary to the husband's contention, the Supreme Court properly found that the 1975 agreement addressed the parties' property rights in the event of death, but did not contemplate the settlement of property upon the dissolution of marriage. Since the parties' agreement was clear, summary judgment dismissing the wife's claim to equitable distribution was properly denied (*cf. Roos v Roos,* 206 AD2d 293, 295).

The husband's remaining contentions are without merit. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.