■ LAURIE J. VENTIMIGLIA, Respondent, v BRUCE E. VENTIMIGLIA, Appellant. [763 NYS2d 487] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief and by letter dated June 2, 2003, from so much of an order of the Supreme Court, Nassau County (Berkowitz, J.), dated March 21, 2002, as granted the plaintiff's motion to increase monthly maintenance by the nontaxable sum of $6,500.

■ LAURIE J. VENTIMIGLIA, Respondent-Appellant, v BRUCE E. VENTIMIGLIA, Appellant-Respondent. [763 NYS2d 486] —In an action for a divorce and ancillary relief, the defendant appeals (1) from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), dated December 3, 2001, and (2), as limited by his brief, from stated portions of an amended judgment of the same court dated May 2, 2002, which, inter alia, voided the parties' antenuptial agreement, awarded the plaintiff monthly maintenance in the sum of $5,000 for a period of five years and $2,500 for the following 15 years, failed to award him certain credits, increased monthly maintenance by the nontaxable sum of $6,500, and awarded an attorney's fee in the sum of $70,000 and an accountant's fee in the sum of $20,000, and the plaintiff cross-appeals (1) from the judgment and (2), as limited by her brief, from stated portions of the amended judgment, inter alia, pertaining to the amount and duration of maintenance, the amount of counsel and accountant's fees, and the award to her of only 8.4% of the value of the husband's partnership interest.

Ordered that the appeal and cross appeal from the judgment are dismissed, without costs or disbursements, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law, by (1) deleting the sixth decretal paragraph thereof and substituting therefor the following provision: "Ordered and Adjudged that the defendant shall pay to the plaintiff by direct deposit into an account designated by the plaintiff on the first day of each month as taxable maintenance for a period of eight (8) years, the sum of $5,000 per month commencing July 11, 2000, through July 10, 2008"; (2) deleting the seventh decretal paragraph thereof; (3) deleting from subdivision (e) of the ninth decretal paragraph thereof the phrase "the sum of $726,713" and the payment schedule and substituting therefor the phrase "the sum of $719,213"; and (4) deleting from provision (g) of the ninth decretal paragraph thereof the phrase "the sum of $100,000" and the payment schedule, and substituting therefor the phrase "the sum of $298,500"; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a second amended judgment setting forth an amended payment schedule to account for payments already made, with the remainder to be fully paid within one year.

The plaintiff purportedly waived her interest in the defendant's estate pursuant to an antenuptial agreement executed by the parties shortly before their marriage in 1981. This agreement cannot be construed as a waiver of the plaintiff's right to equitable distribution in the event of a divorce (*see Bloomfield v Bloomfield,* 97 NY2d 188, 193 [2001]; *Matter of Greiff,* 92 NY2d 341, 344 [1998]; *Matter of Beckford* , 280 AD2d 472 [2001]; *Carrasco v Carrasco,* 301 AD2d 553 [2003]). Any ambiguity in the wording of the agreement must be construed against the drafter, who in this case was the defendant's attorney (*see Bernstein v Sosnowitz,* 198 AD2d 204 [1993]; *Davis v Davis*, 193 AD2d 1083 [1993]).

The Supreme Court properly relied on the opinion of the court-appointed evaluator, who employed acceptable valuation methods to determine the value of the defendant's partnership interest (*see Ferraro v Ferraro,* 257 AD2d 596 [1999]; *Dempster v Dempster,* 236 AD2d 582 [1997]; *Matter of Penepent Corp.,* 198 AD2d 782, 783 [1993]). In light of the plaintiff's direct and indirect contributions to the defendant's career, she should have been awarded 25% of the value of his partnership interest, or $298,500 (*see Wagner v Dunetz,* 299 AD2d 347 [2002]; *Chalif v Chalif,* 298 AD2d 348 [2002]; *Granade-Bastuck v Bastuck,* 249 AD2d 444 [1998]). However, the Supreme Court should have credited the defendant with 50% of a $15,000 interim payment to the plaintiff made from marital assets.

While the amount and duration of maintenance is a matter within the sound discretion of the trial court, one of the purposes of an award of maintenance is to encourage economic independence (*see Chalif v Chalif, supra; Unterreiner v Unterreiner,* 288 AD2d 463 [2001]; *Granade-Bastuck v Bastuck, supra*). Under the circumstances of this case, an award of $5,000 per month for a period of eight years is sufficient to enable the plaintiff to complete a course of training and obtain employment.

The increase in monthly maintenance by the nontaxable sum of $6,500 pending full payment of the distributive award was not warranted under the circumstances (*see* Domestic Relations Law § 236 [B] [6] [a]).

The parties' remaining contentions are without merit. Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.