■ DENNIS FAGAN, Appellant, v JOANNE FAGAN, Respondent. [767 NYS2d 849]—

In an action for a divorce and ancillary relief, the plaintiff ap-

peals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Kent, J.), entered May 7, 2002, as, after a nonjury trial, awarded the defendant one half of that the portion of his pension which was earned during the marriage and a two thirds share in the marital home, directed that ownership of the marital home be transferred to the defendant in exchange for an offset from her distributive share of his pension equal to his distributive share in the residence, and awarded the defendant an attorney's fee in the sum of $16,169.83.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provision thereof awarding the defendant an attorney's fee in the sum of $16,169.83; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the defendant.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in awarding the defendant one half of that portion of his pension which was earned during the marriage. A pension earned during a marriage and prior to the execution of a separation agreement or the commencement of a matrimonial action is marital property subject to equitable distribution (see Olivo v Olivo, 82 NY2d 202 [1993]; Domestic Relations Law § 236 [B] [1] [c]). Here, although the parties were separated for almost 15 years, the record does not support the plaintiff's contention that their economic partnership ended after he left the marital home (see generally Barbuto v Barbuto, 286 AD2d 741 [2001]). Furthermore, the plaintiff remained involved with the defendant and the parties' children. He voluntarily provided them with some monetary support and contributed to the upkeep of the marital home.

The Supreme Court also providently exercised its discretion in awarding the wife a two thirds share of the marital home. Based on the circumstances of this case, the court's distribution was equitable (see Seifried v Seifried, 296 AD2d 398 [2002]).

The Supreme Court, however, improvidently awarded the defendant an attorney's fee in the sum of $16,169.83, as the equities of this case dictate that each party pay his or her own attorney's fee (see Matter of Mullen v Just, 288 AD2d 476, 477 [2001], lv denied 97 NY2d 613 [2002], cert denied 537 US 820 [2002]).

The parties' remaining contentions are without merit. Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.