■ Joy L. Hildreth-Henry, Respondent, v Jeffrey M. Henry, Appellant. [811 NYS2d 110]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Stack, J.), dated August 9, 2004, as, after a nonjury trial, awarded the plaintiff yearly maintenance in the sum of $20,800 for five years, and did not credit him for his contributions to the appreciation in value of the plaintiff's separate properties.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, there is no reason to disturb the maintenance award. The overriding purpose of an award of maintenance is to enable the receiving spouse to achieve financial independence (see *Bains v Bains,* 308 AD2d 557, 559 [2003]; *Ventimiglia v Ventimiglia,* 307 AD2d 993, 995 [2003]; *Granade-Bastuck v Bastuck,* 249 AD2d 444, 446 [1998]), and the amount and duration "is a matter committed to the sound discretion of the trial court" (*Costantino v Costantino,* 225 AD2d 651, 652 [1996]). Since the plaintiff was not employed during the marriage and desired to attend college classes to earn an associate's degree, the five-year award of maintenance was a provident exercise of the court's discretion (see *Ventimiglia v Ventimiglia, supra* at 995; *Unterreiner v Unterreiner,* 288 AD2d 463 [2001]).

The defendant's contention that the Supreme Court erred in failing to grant him a credit for his contributions to the mortgage payments of the marital residence, which the parties stipulated was the plaintiff's separate property, is not properly before this Court, since the defendant did not request such relief in the Supreme Court (*see Fascaldi v Fascaldi,* 209 AD2d 576, 578 [1994]; *see generally* CPLR 5501 [a] [3]), and we decline to review the issue in the exercise of discretion. Furthermore, the Supreme Court properly denied the defendant's request for credit for a portion of the appreciation of the plaintiff's other separate property. As a result of his failure to comply fully with the plaintiff's discovery demands, the defendant was precluded from testifying at trial and, therefore, could not establish his claim to the appreciated value of the plaintiff's other separate property (*see Burgio v Burgio,* 278 AD2d 767, 769 [2000]).

The defendant's remaining contention is without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.