■ SETH MOLDOFSKY, Appellant, v SOCORRO MOLDOFSKY, Respondent. [842 NYS2d 505]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Prus, J.), dated June 1, 2006, which, upon an order of the same court (Yancey, J.), dated January 21, 2005, granting the defendant wife's motion, in effect, for summary judgment declaring that the parties' antenuptial agreement dated February 27, 1987, did not constitute a waiver by the defendant wife of her right to an equitable distribution award of a portion of the plaintiff's pension benefits, and after a nonjury trial, inter alia, awarded the defendant an equitable distribution of 33% of the marital property.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting from the second and third lines of the

ninth decretal paragraph thereof the words "thirty-three (33%) percent" and "sixty-seven (67%) percent," respectively, and substituting therefor the words "one-third ($^1/_3$)" and "two-thirds ($^2/_3$)," respectively, and (2) by deleting the eleventh and twelfth decretal paragraphs thereof and substituting therefor the following decretal paragraphs: "Ordered AND ADJUDGED, that the Defendant, SOCORRO MOLDOFSKY is entitled to 25.26% of the pension payments that were made subsequent to the date of the commencement of this action and; it is further, Ordered AND ADJUDGED that the Defendant, SOCORRO MOLDOFSKY is entitled to 25.26% of the variable supplement of November and December 2003 pension payments, and of the variable supplement for the year 2004. Additionally, the Defendant is entitled to 25.26% of the funds in the Lieutenant Benevolent Fund as well as 25.26% of any future supplements; and it is further"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The defendant wife purportedly waived her interest in the plaintiff husband's estate pursuant to an antenuptial agreement executed by the parties shortly before their marriage in 1987. This agreement cannot be construed as a waiver of the defendant's right to equitable distribution in the event of a divorce (*see Ventimiglia v Ventimiglia,* 307 AD2d 993, 994 [2003]; *Carrasco v Carrasco,* 301 AD2d 553 [2003]). Any ambiguity in the wording of the agreement must be construed against the drafter, who in this case was the plaintiff's attorney (*see Ventimiglia v Ventimiglia, supra; Bernstein v Sosnowitz,* 198 AD2d 204, 205 [1993]; *Davis v Davis,* 193 AD2d 1083 [1993]).

The Supreme Court, after considering the factors set forth in Domestic Relations Law § 236 (B) (5) (d), providently determined after trial that the defendant was entitled to an equitable distribution share of "one-third" of the marital assets (*see Price v Price,* 69 NY2d 8, 14-17 [1986]; *Scarlett v Scarlett,* 35 AD3d 710, 711-712 [2006]). We modify the ninth decretal paragraph of the judgment, however, because, by setting forth an award of "thirty-three (33%) percent" of the marital assets, it fails to conform to the court's finding of fact that the defendant is entitled to an equitable distribution of "one-third" of the marital assets.

Furthermore, the Supreme Court erred in failing to exclude from the calculation of the defendant's equitable distribution of the plaintiff's pension the portion thereof earned before the marriage (*see* Domestic Relations Law § 236 [B] [1] [c]; *Kaplan v Kaplan,* 82 NY2d 300, 306 [1993]; *Olivo v Olivo,* 82 NY2d 202, 207 [1993]; *Fagan v Fagan,* 2 AD3d 394, 395 [2003]; *Moor-*

*Jankowski v Moor-Jankowski*, 222 AD2d 422, 423 [1995]). The record shows that the plaintiff's employment, during which his pension rights accrued, began in January 1982 and lasted for 252 months, until he retired in January 2003. He married the defendant on February 28, 1987, after he had already been employed and accrued pension benefits for 61 months. Applying the formula described in *Majauskas v Majauskas* (61 NY2d 481, 494 [1984]), we find that 24.21% of the plaintiff's pension benefits represented a premarital asset in which the defendant is entitled to no share, and 75.79% of the pension represents a marital asset in which the defendant is entitled to a one-third share. The defendant is thus entitled to 25.26% of the plaintiff's pension benefits, and we modify the judgment accordingly. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.