GLENN TIETJEN, Appellant-Respondent, v DOREEN TIETJEN, Respondent-Appellant. [853 NYS2d 118]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 17, 2007, as granted the wife's motion, in effect, for summary judgment declaring that, pursuant to the terms of a certain prenuptial agreement dated February 13, 1991, the appreciated value in her separate real property located in West Babylon and her pension rights with the New York State Retirement System are excluded from equitable dis-

tribution, and denied that branch of his cross motion which was, in effect, for summary judgment declaring that increases in, appreciation in the value of, and enhancements or additions to this separate property are marital property subject to equitable distribution, and the defendant wife cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the husband's cross motion which was, in effect, for summary judgment declaring that he has not contractually waived his right to claim, as marital property, increases in, appreciation in the value of, and enhancements or additions to, funds on deposit in two savings accounts and in her account established pursuant to Internal Revenue Code (26 USC) § 403 (b).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendant's motion for summary judgment and substituting therefor a provision denying the motion, (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was, in effect, for summary judgment declaring that increases in, appreciation in the value of, and enhancements or additions to the wife's separate real property located in West Babylon and the wife's pension rights with the New York State Retirement System are marital property subject to equitable distribution, and substituting therefor a provision granting that branch of the cross motion, and (3), upon searching the record, adding thereto a provision awarding summary judgment to the plaintiff declaring that the nature and classification of increases in, appreciation in the value of, and enhancements or additions to the separate property, if any, and the income derived from the separate property, if any, must be determined in accordance with the provisions of Domestic Relations Law § 236 (B) (1) (d) (3); as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, to determine which portion of the increase in, appreciation of, and enhancements or additions to the separate property, if any, and the income derived from that property, if any, are attributable to the plaintiff's contributions or efforts, and thereafter to calculate the value of the increases in, appreciation of, and enhancements or additions to the separate property, if any, and the income derived from that property, if any.

Under New York law, the appreciation of, or increase in the value of, separate property is considered separate property, "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Re-

lations Law § 236 [B] [1] [d] [3]; *see Price v Price,* 69 NY2d 8 [1986]).

Spouses are free to opt out of this general rule by mutual written agreement pursuant to Domestic Relations Law § 236 (B) (3). However, the intent to override the rules of equitable distribution—whether by express waiver, or by specifically designating as separate property assets that would otherwise be considered marital property under New York law—must be clearly evidenced by the writing (*see Vendome v Vendome,* 41 AD3d 837 [2007]; *Kalousdian v Kalousdian,* 35 AD3d 669 [2006]; *Spilman-Conklin v Conklin,* 11 AD3d 798, 800-801 [2004]).

Here, contrary to the wife's contentions, the subject prenuptial agreement neither effects a mutual waiver of the parties' equitable distribution rights generally (*see Moldofsky v Moldofsky,* 43 AD3d 1011, 1012 [2007]; *Ventimiglia v Ventimiglia,* 307 AD2d 993, 994 [2003]), nor evinces a clear intent specifically to deviate from the provisions of Domestic Relations Law § 236 (B) (1) (d) (3) (*see Siclari v Siclari,* 291 AD2d 392 [2002]). Thus, the husband is not precluded from seeking equitable distribution of any increases in, appreciation in the value of, or enhancements or additions to, the wife's separate property, or of any income derived from that property, to the extent such appreciation or income is attributable to his contributions or efforts (*see Siclari v Siclari,* 291 AD2d 392 [2002]). Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.