— In matrimonial action in which the parties were divorced by judgment entered December 18, 2006, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered February 5, 2008, as granted those branches of the motion of the plaintiff former wife which were for an award of maintenance arrears in the sum of $139,663 payable pursuant to a stipulation of settlement incorporated but not merged in the judgment of divorce, and directed entry of judgment in that amount, and for an award of an attorney’s fee to the extent of awarding her the sum of $7,500, and denied his cross motion for a downward modification of his maintenance obligation.
Ordered that the order is affirmed insofar as appealed from, with costs.
*602 The defendant failed to establish, prima facie, that continued enforcement of his maintenance obligation pursuant to a stipulation of settlement incorporated but not merged in the judgment of divorce would create an extreme hardship (see Domestic Relations Law § 236 [B] [9] [b]; Mahato v Mahato, 16 AD3d 386 [2005]; cf. Lewis v Lewis, 43 AD3d 462, 463 [2007]). His remaining contentions are either without merit (see Costantino v Costantino, 225 AD2d 651 [1996]) or not properly before this Court (see Sloboda v Sloboda, 24 AD3d 533 [2005]). Rivera, J.E, Lifson, Eng and Chambers, JJ., concur.