■ TAMIR ELIMELECH, Respondent-Appellant, v LILACH ELIMELECH, Appellant-Respondent. [874 NYS2d 490]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Diamond, J.), entered October 24, 2007, which, upon a decision and an amended decision of the same court, dated July 16, 2007 and August 16, 2007, respectively, made after a nonjury trial, inter alia, awarded the parties joint legal custody of the parties' children, directed the children to remain in their present school until their graduation from elementary school, in effect, directed the defendant to pay her pro rata share of the tuition for that school, awarded the plaintiff a 50% share in the marital portion of her pension, imputed an annual income to the plaintiff in the sum of only $40,000 for the purpose of his child support obligation, and directed based thereon that he pay to the defendant child support in the sum of only $192.30 per week, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same judgment which, among other things, awarded the parties joint legal custody of the parties' children, imputed an annual income to him in the sum of $40,000 for the purpose of his child support obligation and directed, based thereon, that he pay to the defendant child support in the amount of $192.30 per week, retroactive to the date of commencement of the action.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the second decretal paragraph thereof awarding the parties joint legal custody of their children, and substituting therefor a provision awarding sole legal custody to the defendant, (2) by deleting the fourth decretal paragraph thereof directing the children to remain in their present school until their graduation from elementary school and, in effect, directing the defendant to pay her pro rata share of the tuition for that school, and (3) by deleting the fourteenth decretal paragraph thereof imputing an annual income to the plaintiff in the sum of $40,000 for the purpose of his child support obligation and directing, based thereon, that he pay to the defendant child support in the amount of $192.30 per week, retroactive to the date of commencement of the action; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the plaintiff a 50% share in the marital portion of her pension benefits (*see Majauskas v Majauskas,* 61 NY2d 481 [1984]; *Fagan v Fagan,* 2 AD3d 394, 395 [2003]).

The essential consideration in a custody determination is the best interests of the children (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). We agree with the defendant that, in this case, given the nature of the parties' relationship as well as the other facts in the record, the best interests of the children support an award of sole legal custody to her (*see Bliss v Ach,* 56 NY2d 995, 998 [1982]; *Braiman v Braiman,* 44 NY2d 584, 587 [1978]; *Matter of Manfredo v Manfredo,* 53 AD3d 498, 500 [2008]).

We further agree with the defendant that the Supreme Court improvidently exercised its discretion in directing that the children remain in their present school—the Hebrew Academy of Nassau County (hereinafter HANC), a private yeshiva—until their graduation from elementary school and, in effect, directing that the defendant pay her pro rata share of the tuition for HANC. Considering the relevant factors, including the circumstances of this case, those of the parties, and the best interests of the children (*see Matter of Cassano v Cassano,* 203 AD2d 563, 564-565 [1994], *affd* 85 NY2d 649 [1995]), the record does not support the conclusion that either the circumstances of the parties or the best interests of the children warrant their continued

schooling at HANC (see *Chalif v Chalif,* 298 AD2d 348, 349-350 [2002]; *Matter of Cassano v Cassano,* 203 AD2d at 565). Under the circumstances, the children should be placed in the Commack public school system, commencing in the 2009-2010 academic year.

In addition, the Supreme Court erred in calculating the plaintiff's child support obligation based on an imputed income of $40,000 per year. The basis for that imputation was a stipulation previously executed by the parties, which they voided prior to trial. In light of that fact, as well as the fact that there is evidence in the record that the plaintiff's actual income or earning potential may exceed $40,000 per year, we remit the matter to the Supreme Court, Nassau County, for a recalculation of the plaintiff's child support obligation. We note that the amount of retroactive child support should be calculated from December 12, 2003, the date of the defendant's answer containing her request for child support (see *Gezelter v Shoshani,* 283 AD2d 455, 456-457 [2001]).

The parties' remaining contentions are without merit. Skelos, J.P., Fisher, Miller and Carni, JJ., concur.