STELLA MENILLO, Respondent, v GREGORY MENILLO, Appellant. [898 NYS2d 893]—

In a matrimonial action in which the parties were divorced by judgment dated January 24, 2002, the defendant appeals from stated portions of an order of the Supreme Court, Westchester County (Scarpino, J.), dated December 11, 2008, which, inter alia, denied that branch of his motion which was to allow him an offset in the principal sum of $31,500, representing his alleged share of the value of the plaintiff's marital jewelry, against his obligation to pay the plaintiff her equitable share of certain of the defendant's "work-in-process," as enumerated in the parties' stipulation of settlement dated November 20, 2001, and directed a hearing to aid in the disposition of that branch of the

plaintiff's cross motion which was for an award of an attorney's fee.

Ordered that the appeal from so much of the order as directed a hearing to aid in the disposition of that branch of the plaintiff's cross motion which was for the award of an attorney's fee is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from so much of the order as directed a hearing to aid in the disposition of that branch of the plaintiff's cross motion which was for the award of an attorney's fee is not appealable as of right, as it did not determine that branch of the cross motion, and did not affect a substantial right (*see* CPLR 5701 [a] [2] [v]; [c]; *Robertson v United Equities, Inc.,* 61 AD3d 838, 838 [2009], *lv denied* 13 NY3d 714 [2009]). Furthermore, leave to appeal has not been granted from that portion of the order.

The defendant failed to demonstrate that he was entitled to an offset in the principal sum of $31,500, representing one half of the alleged value of the plaintiff's marital jewelry, against his obligation to pay the plaintiff her equitable share of certain of the defendant's "work-in-process," as enumerated in the parties' stipulation of settlement dated November 20, 2001.

The defendant's remaining contentions are without merit. Covello, J.P., Florio, Miller and Eng, JJ., concur.