■ JUDITH COHEN-MCLAUGHLIN, Respondent, v GERALD MCLAUGHLIN, Appellant. [18 NYS3d 634]—

Appeal from a judgment of the Supreme Court, Suffolk County (Mark D. Cohen, J.), dated March 18, 2013. The judgment, insofar as appealed from, upon a decision dated August 20, 2012, made after a nonjury trial, failed to award the defendant any portion of the value of the marital residence as equitable distribution, and awarded the plaintiff spousal maintenance and an attorney's fee.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

At the time of the parties' marriage in 1988, the plaintiff owned a house in Port Jefferson Station (hereinafter the marital residence). The defendant was self-employed as a dentist. During the marriage, the plaintiff managed the defendant's office and other aspects of his dental practice; her

previous occupation was the training and breeding of dogs. In 1989, the parties created a partnership for the purpose of asset protection, and the plaintiff conveyed the deed to the marital residence to the partnership. In October 2006, the plaintiff commenced this action for a divorce and ancillary relief. The parties agreed to the grounds for divorce, and proceeded to a trial on the issues of equitable distribution and spousal maintenance. At the conclusion of the trial, the Supreme Court entered a judgment which, inter alia, failed to award the defendant any portion of the value of the marital residence as equitable distribution, and awarded the plaintiff spousal maintenance and an attorney's fee.

The defendant contends that the marital residence became marital property when the plaintiff conveyed the deed to the residence to the parties' partnership. However, the Supreme Court's determination that the conveyance was made to protect the asset from third parties, and not to change the character of the residence from separate to marital property, is supported by the evidence. Accordingly, the court properly concluded that the marital residence remained the plaintiff's separate property (see generally Moldofsky v Moldofsky, 43 AD3d 1011, 1012 [2007]; Ventimiglia v Ventimiglia, 307 AD2d 993, 994 [2003]; Carrasco v Carrasco, 301 AD2d 553 [2003]). Furthermore, the court properly declined to credit the defendant for any appreciation in the value of the marital residence absent evidence that he contributed either directly or indirectly thereto (see Patete v Rodriguez, 109 AD3d 595, 597-598 [2013]; Davidman v Davidman, 97 AD3d 627, 628 [2012]).

The Supreme Court also properly determined that a purported prenuptial agreement did not contain an express and valid waiver of spousal maintenance (see Tietjen v Tietjen, 48 AD3d 789, 791 [2008]; Moldofsky v Moldofsky, 43 AD3d at 1012). The award of spousal maintenance was a proper exercise of the court's discretion (see Domestic Relations Law § 236 [B] [6] [a]; Hartog v Hartog, 85 NY2d 36, 51-52 [1995]; Litvak v Litvak, 63 AD3d 691, 692 [2009]; Sirgant v Sirgant, 43 AD3d 1034, 1035 [2007]).

In determining an application for attorneys' fees, a court must consider, inter alia, the relative financial circumstances of the parties; the determination can also be affected by whether a party has engaged in conduct or taken positions resulting in delay or unnecessary litigation (see Khan v Ahmed, 98 AD3d 471, 473 [2012]; Chaudry v Chaudry, 95 AD3d 1058, 1059-1060 [2012]). Here, considering the financial situation of the parties, and the conduct of the defendant which unneces-

sarily prolonged the litigation and caused the plaintiff to incur additional legal fees, the Supreme Court properly exercised its discretion in awarding the plaintiff a reasonable attorney's fee (*see* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Quinn v Quinn*, 73 AD3d 887 [2010]). Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.