Culen v Culen (2018 NY Slip Op 00542)





Culen v Culen


2018 NY Slip Op 00542


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05955
 (Index No. 1239/09)

[*1]Beata Culen, respondent-appellant, 
v
Matthew Culen, appellant-respondent.


Martin & Colin, P.C., White Plains, NY (William Martin of counsel), for appellant-respondent.
Joan Iacono, Bronxville, NY (Barbara Martensson of counsel), for respondent-appellant.



DECISION & ORDER
Appeal and cross appeal on the ground of inadequacy from a money judgment of the Supreme Court, Westchester County, dated May 3, 2016. The money judgment, upon an order of that court (Charles D. Wood, J.) dated December 17, 2014, which, after a hearing, directed the defendant to pay an attorney's fee in the sum of $20,000 to the plaintiff, and an amended order of that court (Janet C. Malone, J.) dated August 28, 2015, which denied that branch of the defendant's motion which was, in effect, to vacate the order dated December 17, 2014, awarded the principal sum of $20,000 to the plaintiff.
ORDERED that on the Court's own motion, the plaintiff's notice of cross appeal from the order dated December 17, 2014, is deemed to be a premature notice of cross appeal from the money judgment (see CPLR 5520[c]); and it is further,
ORDERED that the money judgment is modified, on the facts and in the exercise of discretion, by increasing the amount awarded to the plaintiff from the principal sum of $20,000 to the principal sum of $90,000; as so modified, the money judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, and the order dated December 17, 2014, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff's contentions that the defendant's appeal from the money judgment should be dismissed are precluded by the doctrine of law of the case. By decisions and orders on motion dated July 19, 2016, and April 24, 2017, this Court previously denied dismissal of the appeal on the grounds now asserted.
The parties were married in August 1982. In January 2009, the plaintiff commenced this action for a divorce and ancillary relief. In October 2011, the parties executed a stipulation pendente lite, in which they agreed, inter alia, that the plaintiff would "have exclusive use and possession of the parties' Jeep Cherokee," and the defendant would continue to make the automobile loan payments on the vehicle. A nonjury trial on the issues of equitable distribution of the marital [*2]property and maintenance was conducted. The trial evidence established that the balance of the loan on the Jeep Cherokee (hereinafter the jeep) was approximately $10,312, and that the payments were $396.63 per month. The Supreme Court issued an amended decision after trial dated September 25, 2013, and subsequently a judgment of divorce, inter alia, awarding the plaintiff exclusive possession of the jeep, and directing that the plaintiff was solely responsible for all costs associated with the jeep, including the loan payments.
A hearing was conducted in connection with the plaintiff's request for an award of an attorney's fee pursuant to Domestic Relations Law § 237 in the amount of $125,511. In an order dated December 17, 2014, the Supreme Court awarded the plaintiff an attorney's fee in the sum of $20,000. In the event that the defendant failed to make payment to the plaintiff within 90 days of the order, the plaintiff was permitted to enter a judgment against the defendant in the sum of $20,000, "plus interest, less any credits for any sums paid toward this counsel fee award, without further notice."
In March 2015, the defendant moved, inter alia, in effect, to vacate the order dated December 17, 2014, asserting that he did not have to pay the plaintiff the attorney's fee award because he had already paid the plaintiff more than he was obligated to. The defendant contended that in the order dated December 17, 2014, the Supreme Court had stated that he was entitled to a credit in the sum of $10,000, representing the payment that he made pendente lite to the plaintiff for her attorney's fees. The defendant further contended that in the amended decision after trial, the court assigned the balance remaining on the automobile loan for the jeep in the sum of $10,312 as a debt to the plaintiff, and that he was entitled to a credit in the sum of $10,312, representing the payment that he made toward the loan balance between the conclusion of trial and when the amended decision after trial was issued. In an amended order dated August 28, 2015, the court denied that branch of the defendant's motion.
After the defendant failed to pay the plaintiff the attorney's fee award, on May 3, 2016, the Clerk of the Supreme Court, Westchester County, entered a money judgment in favor of the plaintiff and against the defendant in the principal sum of $20,000, plus interest. The defendant appeals and the plaintiff cross-appeals on the ground of inadequacy.
" Pursuant to Domestic Relations Law § 237(a), a court in a divorce action may award counsel fees to a spouse to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and the respective parties'" (Samimi v Samimi, 134 AD3d 1010, 1012, quoting Aloi v Simoni, 82 AD3d 683, 686). "The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (Black v Black, 140 AD3d 816, 816 [internal quotation marks omitted]; see O'Brien v O'Brien, 66 NY2d 576, 590). "In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions, and whether either party has delayed the proceedings or engaged in unnecessary litigation" (Black v Black, 140 AD3d at 816-817 [internal quotation marks omitted]; see Guzzo v Guzzo, 110 AD3d 765, 766).
Here, the plaintiff was entitled to an award of an attorney's fee in the amount of $90,000 based upon, inter alia, the relative merits of the parties' positions and the defendant's obstructionist tactics, which unnecessarily prolonged the litigation (see Cohen-McLaughlin v McLaughlin, 132 AD3d 716, 717-718; Baron v Baron, 71 AD3d 807, 810; Curatola v Curatola, 43 AD3d 974, 976; Schek v Schek, 49 AD3d 625, 626). These tactics included, but were not limited to, the defendant's insistence that the parties proceed to a jury trial on the grounds for the divorce, despite the plaintiff having agreed either to settle on a ground other than cruel and inhuman treatment or to withdraw the case and re-file on the ground of irretrievable breakdown of the marital relationship, and the defendant's motion filed after trial on the issues of equitable distribution and maintenance to exclude the plaintiff from a tennis club where the parties were both previously members. The defendant unnecessarily prolonged the litigation by attempting to obstruct the plaintiff from obtaining discovery regarding an inheritance that the defendant was entitled to receive [*3]from his aunt's estate, even though it is well established that parties to a divorce action are entitled to liberal and broad discovery from one another, including with respect to separate property that is not subject to equitable distribution (see Owens v Owens, 107 AD3d 1171, 1174; Jaffe v Jaffe, 91 AD3d 551, 554; Dorsa v Dorsa, 50 AD3d 842, 843)
Contrary to the defendant's contention, in the order dated December 17, 2014, the Supreme Court did not state that the award of an attorney's fee in the sum of $20,000 to the plaintiff should be offset by the $10,000 that the defendant paid to the plaintiff pendente lite for attorney's fees. The court explicitly considered the amount that the defendant had paid to plaintiff prior to trial in determining that the plaintiff was entitled to a further award of an attorney's fee in the sum of $20,000. Therefore, the defendant was not entitled to a credit in the sum of $10,000 against the award of an attorney's fee to the plaintiff.
Additionally, the defendant failed to demonstrate that he was entitled to an offset against the award of an attorney's fee in the sum of $10,312, representing the amount that he paid toward the balance of the loan on the jeep after the conclusion of the trial (see generally Menillo v Menillo, 72 AD3d 1035, 1036). The defendant agreed in the pendente lite stipulation that the plaintiff would have exclusive use and possession of the jeep, and that he would continue to make the monthly loan payments on the jeep. Therefore, the defendant was not entitled to a credit for payments that he made pursuant to the stipulation before the court issued its amended decision after trial, particularly because the defendant does not challenge the validity of the stipulation. To the extent that the defendant voluntarily paid more than he was obligated to pursuant to the terms of the stipulation, he was not entitled to a credit for those payments.
We decline the plaintiff's request to impose a sanction against the defendant for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
The parties' remaining contentions are without merit.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court