Mohammad Atif, Respondent,
against
Center of the World Car Service Corp., Appellant.




Park & Nguyen (Darin S. Billig), for appellant.
Mohammad Atif, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered April 4, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000, based on defendant's alleged breach of a contract. At a nonjury trial, plaintiff testified that he owned a license to operate a New York City green taxi, and that, in December 2013, he had entered into a contract with defendant, pursuant to which defendant would manage and operate the license, and in consideration therefor plaintiff would receive monthly payments for a three-year term. Payments were to commence in March 2014. Plaintiff stated that defendant had made three payments to him, totaling $750, and had mailed him four checks for $100 each, which plaintiff had not cashed, and that defendant had made no additional payments. It was undisputed that defendant had drafted the parties' contract, which was admitted into evidence. At trial, defendant moved to dismiss the action on the ground that plaintiff had failed to comply with a notice to cure provision in the parties' contract. Defendant's motion was denied.
Following the trial, the Civil Court found that the contract had been tainted by elements of both procedural and substantive unconscionability, but that the evidence had nevertheless established that plaintiff was entitled to monthly payments from defendant. On that basis, the [*2]court awarded judgment to plaintiff in the principal sum of $5,000. This appeal ensued.
The sole issue raised on appeal is whether the requirement that plaintiff provide defendant with a 90-day notice-to-cure constituted a condition precedent to the commencement of this action, and whether, by reason of plaintiff's failure to provide defendant with such a notice, defendant was entitled to dismissal of the action. The parties' contract describes plaintiff as "Licensee" and defendant as "Manager," and states, at paragraph 11.7:
"In the event Licensee claims that Manager is in breach or in default of any of the Manager's obligation(s) under provisions contained herein, Licensee shall provide to Manager an opportunity to cure such breach or default by providing the Manager with ninety (90) days notice, sent by certified or registered mail with return receipt requested, specifying what obligation(s) the Manager breached or defaulted upon and supplying all available documents. Manager shall have ninety (90) days to cure from the date of receipt of such notice" (emphasis added).
The "OBLIGATIONS OF MANAGER AND LICENSEE" are set forth in paragraph 4.0 of the contract, and are separate from the "CONSIDERATION" provision set forth in paragraph 3.0 of the contract, pursuant to which defendant was obligated to make monthly payments to plaintiff. "It is well settled that any ambiguity which might exist must be construed against the defendant as drafter of the agreement" (Bernstein v Sosnowitz, 198 AD2d 204, 205 [1993]), which rule of interpretation requires that the notice-to-cure provision of the subject contract apply only to the requirement that plaintiff provide defendant with a notice to cure any default of defendant's "obligations" set forth in paragraph 4.0 of the contract, rather than to his entitlement to timely payment of "consideration" under paragraph 3.0. To require otherwise would, in effect, have the unfair and anomalous effect of permitting defendant to delay each of its monthly payments to plaintiff for 90 days following receipt of a notice-to-cure (see 22 NY Jur 2d, Contracts § 218). We therefore conclude that defendant's motion to dismiss was properly denied, albeit on grounds other than those relied upon by the Civil Court, and that the judgment in favor of plaintiff provided the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807).
We reach no other issue.
Accordingly, the judgment is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018