JK Two LLC v Garber (2019 NY Slip Op 02655)





JK Two LLC v Garber


2019 NY Slip Op 02655


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


154005/15 8936 8935

[*1]JK Two LLC, Plaintiff-Respondent,
v
Simon Garber, Defendant-Appellant.


Thomas Torto, New York (Jason Levine of counsel), for appellant.
Kishner Miller Himes P.C., New York (Elizabeth Tobio of counsel), for respondent.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), entered March 26, 2018, bringing up for review an order, same court and Justice, entered on or about January 24, 2018, which awarded plaintiff attorneys' fees and costs in the amount of $18,575.00, unanimously affirmed, with costs. Appeals from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment and as abandoned, respectively.
Defendant's arguments that the affirmation of counsel submitted in support of plaintiff's application for an award of reasonable attorneys' fees was insufficient and sought excessive fees are unpreserved for appellate review (see Zacharius v Kensington Publ. Corp., 167 AD3d 452, 453 [1st Dept 2018]; 1199 Hous. Corp. v Jimco Restoration Corp., 77 AD3d 502 [1st Dept 2010]). In any event, defendant fails to show that the court improvidently exercised its discretion in determining the amount of attorneys' fees to be awarded. The court based its award upon review of appropriate factors, including the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel (see Matter of Freeman, 34 NY2d 1, 9 [1974]), and reduced the amount requested to eliminate work that was duplicative or was unnecessarily performed by an attorney, rather than a secretary or paralegal. A hearing was not required, since the court "possess[ed] sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (Bankers Fed. Sav. Bank v Off W. Broadway Devs., 224 AD2d 376, 378 [1st Dept 1996]).
Although the amount awarded in fees exceeded the amount recovered, plaintiff demonstrated that the litigation was necessitated and prolonged by defendant's unexplained refusal to return its security deposit, as required by the condominium lease, even after entry of judgment and until plaintiff moved for and obtained an order holding defendant in contempt for failing to comply with a postjudgment subpoena. The determination of reasonable attorneys' fees can take into account "whether a party has engaged in conduct or taken positions resulting in delay or unnecessary litigation" (Cohen-McLaughlin v McLaughlin, 132 AD3d 716, 718 [2d Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK